### FLORENCE BRUSTER v. THE STATE.

No. 3293.   Decided May 30, 1906.

**1.—Murder in Second Degree—Charge of Court—Manslaughter—Adequate Cause.**

Upon trial for murder where the evidence showed that the defendant and deceased had had a wordy altercation just preceding the homicide, and deceased among other things said that the defendant had had every man in town, there was no error in the court's charge in not instructing the jury that this language was adequate cause to reduce the offense to manslaughter; but even if it be conceded that it was adequate cause outside of the statute, it was not necessary that the court should have directly charged upon this and presented it to the jury as adequate cause. A general charge was all that was necessary, leaving it to the jury to determine from all the circumstances of the case whether the testimony showed adequate cause or provocation at the time to reduce the offense to manslaughter.

**2.—Same—Accomplice Testimony.**

See opinion for facts showing that no charge was required on accomplice testimony.

**3.—Same—Cause of Death—Sufficiency of Evidence.**

Where upon trial for murder the evidence showed that the deceased lived something like a month later she received the wound, and her attendant physician testified that he entertained no doubt that her death was attributable directly or indirectly to the wounds she received and that there was no maltreatment, the cause of the death of the deceased was sufficiently proven.

Appeal from the District Court of Smith County. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of murder in the second degree; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

B. B. Beaird & J. M. Odom, for appellant.—On question of adequate cause: Wadlington v. State, 19 Texas Crim. App., 266; Childers v. State, 33 Texas Crim. Rep., 509.

J. E. Yantis, Assistant Attorney-General, for the State.—On question of adequate cause: Barbee v. State, 34 Texas Crim. Rep., 129; Timons v. State, 34 Texas Crim. Rep., 363.

HENDERSON, Judge.—Appellant was convicted of murder in the second degree, and her punishment assessed at confinement in the penitentiary for a term of fifty years; hence this appeal.

It appears from a summary of the statement of facts, that the homicide occurred at night, near Lindale, Smith County; that there had been a negro festival in the neighborhood, and appellant and deceased attended, and were on their way home with a number of others about 1 o'clock at night. Appellant and her companion, Davis, were in advance of Nancy Wheat (deceased) and her attendant Lorin Starks. Appellant requested Lorin Starks to come up where she was; but he declined, and she came back, took him by the arm, and carried him forward with her. After they had walked a little piece, according to the State's evidence she looked back and said to deceased, "Nancy, do you want this boy?" Deceased said, "No, you can keep him, you have got every other man in town and you can keep him." After a little time she again looked back. Davis asked, what she stopped for. She remarked, she was looking back to see if there was anybody else she wanted. William Wright, who was near deceased, said, "Do you want me?" Appellant remarked, "Hell, no, I would not have you." To which Wright replied, "You have had me." Deceased then slapped Wright on the shoulder, and said, "Ain't that the truth." Appellant then asked deceased what she had to do with it; and immediately turned, and advanced on deceased, who according to the State's theory, threw up her hands and retreated backward, appellant advancing on her, and cut her with a knife. Deceased fell. Parties interfered and

separated them. After the difficulty deceased was found to have received four wounds with a knife. Some of the witnesses describe it as a large knife; and appellant says it was a small knife. Deceased lived about a month after this, but died from the effect of the wounds received. Appellant testified on her own behalf, and stated that she had not advanced on deceased; that deceased came up to her, and struck her in the face, and she thought she had a pistol, as she had been informed that night she had one, and she was maddened by what deceased said to her, and believing she had a pistol she stabbed her with a knife. This is a sufficient statement to discuss appellant's assignments of error.

Appellant assigned as error the action of the court overruling her motion for continuance based on the absence of certain witnesses, for whom she had issued subpœnas. One or two of these witnesses were brought in but appellant declined to place them on the stand. However, it is not necessary to discuss this assignment, inasmuch as appellant failed to reserve a bill of exceptions to the action of the court overruling her motion for continuance.

Appellant insists that the court committed an error in the charge on manslaughter, because he failed to instruct the jury on the alleged insult offered to appellant, in that deceased told her just prior to the asasult, that she had had every man in town. The insistence is that the court should have instructed the jury that this was adequate cause to reduce the offense to manslaughter. This insult to appellant is not one of the statutory causes. Moore v. State, 33 Texas Crim. Rep., 351. Even if it be conceded that it was adequate cause outside of the statute, under the holding of this court, it was not necessary that the court should directly charge upon this and present it to the jury as adequate cause. Warthan v. State, 41 Texas Crim. Rep., 385; Hill v. State, 8 Texas Crim. App., 142; Griffin v. State, 50 S. W. Rep., 366. A general charge under such circumstances is all that is necessary, leaving to the jury to determine from all the circumstances of the case whether the testimony showed adequate cause or provocation at the time to reduce the offense to manslaughter. The court gave a charge on both degrees of murder, manslaughter and self-defense. The charge on manslaughter was general in its terms, containing the statutory definitions, instructing the jury among other things, that the provocation must arise at the time of the commission of the offense, and that the passion is not the result of a former provocation. Also instructed the jury that an assault causing pain or bloodshed was adequate cause. And in that connection stated to the jury, insulting words or gestures by deceased were not adequate cause, or an assault and battery by deceased so slight as to show no intention to inflict pain or injury unaccompanied by violence was not adequate cause. In applying the law to the facts, the court instructed the jury substantially that if they found from the evidence that defendant made an assault on Nancy Wheat, and committed the homicide by cutting her with a

knife with intent to kill, and the same was not in self-defense as hereinafter explained, then, if they find from the evidence that at the time she did so, deceased had committed an assault and battery upon her which caused pain, and if by reason thereof, under all the facts and circumstances in evidence, the mind of the defendant was aroused to such a degree of anger, etc., as to render her incapable of cool reflection, or if from the threats, if any, should you find them communicated to defendant, or any other evidence or circumstance in evidence, which would commonly produce in the mind of a person of ordinary temper, such a degree of anger, rage, resentment, or terror as to render her incapable of cool reflection, the mind of defendant was aroused to such a degree of anger, etc., sufficient to render it incapable of cool reflection, then in either event they could not convict her of any higher offense than manslaughter. It will be seen from this that the charge was predicated on an assault causing pain. This was undoubtedly in response to the testimony of appellant herself, who was the only witness so far as we recall who testified to an assault by deceased on her prior to her cutting deceased with a knife. This was a statutory cause, and the charge properly embraced this. There were also threats in the case, and it is shown these were also communicated to defendant. The charge embraces these; and also told the jury, if there were any other facts or circumstances in evidence which would commonly produce a degree of anger, etc., in a person of ordinary temper, and they believed on said account appellant's mind became excited, and she was rendered incapable of cool reflection and committed the act, she would be guilty of manslaughter. These charges were sufficient to direct the attention of the jury to other matters in evidence, which might reduce the offense to manslaughter. The only criticism that could be made of this charge, would be "that the jury was required to look to a provocation at the time." However, they were told, if they did not believe such provocation was of itself sufficient to cause passion, they might view the provocation at the time in the light of all the circumstances in evidence in order to intensify the provocation at the time. We think the charge tested by the exceptions urged by appellant, was sufficient.

Nor do we believe that the statutory limitation stated by the court in his general definitions of manslaughter was such error as would require a reversal to wit: that the court, among other definitions in connection with manslaughter, told the jury, no verbal provocation can justify an assault and battery, but insulting and abusive words may be considered by you in mitigation of the punishment. This is statutory; and there being no verbal provocation constituting adequate cause under the statute, the charge was not restrictive in that respect. The contention, as we understand is, that the jury might consider outside of the statute, the insulting language used by deceased towards appellant as sufficient to constitute adequate cause; and when the court told the jury, in that connection that no verbal provocation would justify

an assault, and battery, that it operated to restrict and limit a verbal provocation which the jury might otherwise regard as being adequate cause. As seen before, however, the verbal provocation adduced in evidence of itself under our statute would not constitute adequate cause.

We do not believe it was required of the court to give the special requested instruction of appellant, which the court refused. We see nothing in the case constituting William Wright a principal offender with deceased in any attack on appellant, so as to constitute said Wright an accomplice and require his testimony to be corroborated.

We have examined the evidence and the court's charge on the cause of the death of the deceased. The testimony indicates that she lived something like a month after she received the wounds: one in the side, one in the shoulder and perhaps one in the back were the most serious. The physician testified that she had some symptoms of pneumonia, possibly produced by these wounds, but he attributes her death to blood poisoning. That is, he described it as some of the veinal passages stopped by clots of blood caused from the wounds. He did not give the name of this, but said it was heart failure. He entertained no doubt that the death was attributable directly or indirectly to the wounds received, and that there was no maltreatment. There is no testimony controverting this in the rceord. The charge of the court fairly presents the issues with reference to this matter, and instructed the jury if the wounds were unlawfully inflicted, but not the cause of death and not in self-defense, that appellant might under the circumstances be guilty of an assault with intent to murder or an aggravated assault as the case might be. We see no error in this matter.

The judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.