## Howard v. Commonwealth.

(Decided October 5, 1911.)

### Appeal from Franklin Circuit Court.

Criminal Law—Malice Aforethought.—Under an indictment for murder, the court properly instructed the jury "that malice aforethought was a predetermination to do a wrongful act without lawful excuse, and it is immaterial how suddenly or recently such predetermination was formed in the mind."

H. V. McCHESNEY for appellant.

JAMES BREATHITT, Attorney General, THEO. B. BLAKEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

A jury of Franklin County inflicted upon appellant the death penalty, and from the judgment entered upon the verdict he prosecutes this appeal.

The indictment under which he was convicted charged him with the murder of Ed. Rice. The facts connected with the homicide are few and simple. About ten o'clock at night in August, 1910, the appellant, who was drinking, in company with another colored man named Ransom, was walking up Washington street in the city of Frank-

fort. At the corner of Washington and Mero streets they met Ed. Rice, the deceased, going in the opposite direction. Rice accosted Ransom, and asked him if he knew where a man named Rice lived. Ransom replied that he did not, and walked on his way a few steps, leaving Rice and appellant in a conversation that soon developed into a quarrel. Appellant, in relating on the witness stand what took place, said that Rice told him he was hungry, but when he offered to buy him something to eat he said he did not want anything to eat but something to drink; that he responded that he would not buy him anything to drink, but would get him something to eat, whereupon deceased applied to him a very offensive epithet, and at the same time ran his hand in his pocket. That believing deceased was going to do him some injury, he at once struck him one blow with a knife that he had in his hand. There were four other eye witnesses to the killing, and they testified that when appellant struck Rice with the knife Rice was standing up leaning against an electric light pole, with both of his hands hanging down by his side, and he did not attempt to put either of his hands in his pocket or make any threatening demonstration.

The evidence is also conclusive that Rice did not have any knife on his person.

The errors complained of are (1) error in the instruction defining "malice aforethought," (2) in refusing to admit offered evidence and the argument is further made that appellant should have been convicted of manslaughter and not murder.

The instruction upon the subject of malice defines malice aforethought as "a predetermination to do a wrongful act without lawful excuse, and it is immaterial how suddenly or recently such predetermination was formed in the mind." It is said by counsel for appellant that the instruction should have confined the words "malice aforethought" to a predetermination to do a wrongful act toward the deceased, and that the instruction is too broad in defining malice as a predetermination to do a wrongful act, because under this instruction the jury had the right to find appellant guilty of maliciously killing the deceased if they believed he was prompted to do so by a predetermination to do a wrongful act of any kind without lawful excuse. The instruction given by the trial court has been frequently approved and is not open to the objection urged by counsel. The only wrongful act the appellant was being tried for was the killing of

Rice. There is no evidence in the record of any other wrongful act upon his part. So that, the jury could not have associated malice on the part of appellant with any other wrongful act.

A witness named John Shelton was introduced by appellant and it was offered to prove by him that a few minutes before Rice was killed, Rice asked him where he could get something to eat, and when Shelton told him where he could find a restaurant, Rice asked him to go some place with him and buy him a drink, but he declined to go. This proffered evidence was wholly irrelevant as it threw no light whatever upon the crime committed by appellant.

In respect to the argument that the evidence did not warrant the jury in finding that appellant maliciously stabbed and killed Rice, but only that he did it in sudden heat and passion, it seems sufficient to say that this was a question addressed to the discretion of the jury. They were properly instructed that they might find appellant guilty of murder or voluntary manslaughter, and they found him guilty of murder. Indeed, under the evidence they could not well have done otherwise.

Although appellant was represented in the lower court and in this by able counsel, we have not been pointed to any error committed during the trial that affected his substantial rights—nor has a careful examination of the record enabled us to discover any.

Wherefore, the whole court sitting. the judgment is affirmed.