# Greene v. Commonwealth.

March 19, 1940.

J. S. Forester, Special Judge.

Rose & Rose for appellant.

Hubert Meredith, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Monroe Greene, has been convicted of the crime of murder and sentenced to confinement in the state penitentiary for life. He shot and killed Will Cross on November 16, 1939. According to the evidence for the Commonwealth, he went to the home of Cross armed with a pistol, called Cross out into the road, and shot him without provocation. He was in an angry mood because, as claimed by him, cattle owned by Cross and others had been in his cornfield and damaged his corn and fodder. Appellant fired five shots. Three shots struck Will Cross, and he was killed instantly. Cecil Cross, son of Will Cross, was present and was wounded. Appellant claimed that the deceased and Cecil Cross attacked him, one armed with a hammer and one with a plank, and he shot in his necessary self-defense. The evidence is conflicting, and no contention is made that it was not sufficient to sustain the verdict. Two

grounds are relied upon for reversal of the judgment: (1) The court erred in overruling the defendant's motion for a continuance; and (2) the instruction defining "malice aforethought" is erroneous.

The defendant was arraigned on November 28, 1939. He entered a plea of not guilty, and the case was set for trial on December 4, 1939. On the day the case was called for trial, the defendant filed a motion for a continuance on the ground that he was not physically able to undergo the ordeal of a trial, and, in support of the motion, filed his own affidavit in which he stated that he was sick and suffering from lumbago and severe nervousness and had been under the treatment of Dr. Payton of Lynch, Kentucky. On the hearing of the motion, Dr. Payton was introduced as a witness and testified that the defendant came to his office once a few days before the homicide. He was suffering from a cold at that time. Dr. Payton examined the defendant in the presence of the court, and stated that his condition, physical and mental, seemed to be normal. The granting of a continuance in a criminal case is within the trial court's sound discretion, and that discretion will not be interfered with unless it has been abused. The record discloses the appellant testified in an intelligent manner, that his defense was ably conducted, and that all witnesses having any knowledge of the material facts were introduced. It is devoid of any indication that appellant, by reason of illness, was deprived of a reasonable opportunity to prepare his defense or to present his evidence. The actions of trial courts in overruling motions for a continuance have been approved in numerous cases where the showing in support of the motion was far stronger than the one made in the present case. Young v. Commonwealth, 271 Ky. 65, 111 S. W. (2d) 433; Cassell v. Commonwealth, 248 Ky. 579, 59 S. W. (2d) 544; Ellison v. Commonwealth, 195 Ky. 370, 242 S. W. 368; Turner v. Commonwealth, 191 Ky. 825, 231 S. W. 519. The refusal of the trial court to continue the case was not an abuse of discretion on the showing made.

The only complaint made of the instructions is directed to that part of instruction No. 5 defining "malice aforethought." It reads:

"The phrase 'Malice aforethought' as used in the instructions herein, means a predetermination to

> commit the act of killing, without legal excuse, and it is immaterial how recently or suddenly before the killing such determination was formed.''

It is argued that the instruction should have adopted the definition given in Harrison v. Commonwealth, 279 Ky. 510, 131 S. W. (2d) 454, 455, where the court said:

> ''As used in criminal law, the words 'malice aforethought' mean a predetermination to commit an act without legal justification or excuse; it being immaterial at what time before the act such determination was formed, and malice may be inferred from the circumstances attending the act,''

and that omission of the word ''justification'' renders the instruction erroneous. Appellant contends that his plea of self-defense involves the idea of justification rather than excuse. The term ''legal excuse'' is broader than and includes the term ''legal justification.'' In Patton v. Commonwealth, 235 Ky. 845, 32 S. W. (2d) 405, 407, the accused was convicted of the crime of murder and his punishment fixed at confinement in the penitentiary for life. The instruction defining ''malice aforethought'' was similar to the instruction defining that term in the present case and was approved. The court said:

> ''It is further insisted that there was no evidence of previous malice, and that the court should not have given an instruction on willful murder. Sufficient has been said to show the fallacy of that argument. McHargue v. Commonwealth, 231 Ky. 82, 21 S. W. (2d) 115, relied upon by appellant, is not in point upon the question argued. McHargue shot a man who had just committed a deadly assault upon his brother. Such was the sole reason for his act. But the opinion in that case clearly defined malice aforethought as meaning a predetermination to do the act of killing, without legal excuse, and it is immaterial how suddenly or recently before the killing such determination was formed. Turner v. Commonwealth, 167 Ky. 365, 180 S. W. 768, L. R. A. 1918A, 329. That definition was given to the jury by the instructions in this case. The subject has been elaborated so often that further repetition is not necessary.

Malice may be inferred from the circumstances, and the unlawful and intentional use of deadly weapons warrants an inference of malice, imposing upon the defendant the burden of excusing his act."

The definition of "malice aforethought" given to the jury in the present case has been approved by this court on numerous occasions. Garrett v. Commonwealth, 215 Ky. 484, 285 S. W. 203; Pierce v. Commonwealth, 215 Ky. 162, 284 S. W. 1035; Hall v. Commonwealth, 207 Ky. 718, 270 S. W. 5; Fowler v. Commonwealth, 157 Ky. 725, 163 S. W. 1115; Howard v. Commonwealth, 144 Ky. 644, 139 S. W. 844; Armstrong v. Commonwealth, 23 S. W. 654, 15 Ky. Law Rep. 344; Hobson on Instructions, Sections 745, 747, and 748. In Armstrong v. Commonwealth, supra, the question raised by appellant in the present case was discussed, and the court said [23 S. W. 655, 15 Ky. Law Rep. 344]:

"In this case under consideration, malice aforethought is said to mean a predetermination to do the act without lawful excuse, and it is immaterial how suddenly or recently this predetermination is formed. Thus, it will be seen that the precise objection to the definition criticised in the Bohannon Case [Bohannon v. Com., 8 Bush 481, 8 Am. Rep. 474] is met and cured by the one given in this case. If the predetermination to do the act is with a lawful excuse as to defend oneself, it is not malice aforethought, in the meaning of the instruction."

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.