## Shepherd v. Commonwealth.

December 2, 1947.

J. S. Forester, Judge.

122

F. M. Jones for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

Flourine Shepherd was convicted of the felony of maliciously shooting and wounding Homer Harmon. His punishment was fixed at confinement in the penitentiary for two years and on this appeal he asks a reversal of the judgment upon two grounds. First, the court erred in overruling his motion for a directed verdict; second, the jury was not properly instructed.

Appellant agues that the physical facts and circumstances corroborate his testimony that he shot in self-defense and are more consistent with his innocence than his guilt, therefore he was entitled to a directed verdict, citing Dixon v. Com., 290 Ky. 469, 161 S. W. 2d 913. He further insists that the verdict is flagrantly against the evidence, and since the abolition of the scintilla rule in Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. 2d 877 (which is applicable to criminal cases, Carpenter v. Com., 287 Ky. 819, 155 S. W. 2d 240), the court should peremptorily instruct the jury in such instances. It is evident a brief resume of the evidence is in order.

Shepherd, accompanied by a young woman, Nellie Ray Jones, went to the home of Cripple Jim Smith in Verda, Harlan County, where they joined a group who spent the evening drinking moonshine whisky. All went well until about 3 a. m., when some one put out the light. Shepherd demanded that there be light, fired his pistol into the floor and there was light. But not for long. The light was again put out and Shepherd was pushed over a bed on which Homer Harmon was lying. Shepherd again demanded light in these words:

"Turn that light on or I'll shoot you a light." There is no contradiction in the evidence up to this point.

It was testified by Shepherd that when the light came on at his command, Homer Harmon, whom he did not know before that night and with whom he had had no previous trouble, was advancing on him with a large knife. Shepherd said to Homer, "Don't come on me with that knife, I'll kill you;" that Homer kept advancing and then he shot once in the floor and when Homer did not stop, he shot him. Shepherd further testified he feared he would be robbed when the light was put out. After the shooting, Shepherd obtained an ambulance and doctor for the wounded man.

Homer admitted having a knife in his hand saying he was using it to peel "a tater for a chaser" in drinking the moonshine, but denied that he was advancing on Shepherd with the knife or that the latter told him not to come on him with the knife, and said nothing until he shot him.

Orville Roland, who put the light on just before the shooting, testified Shepherd fired four shots from his pistol, three of which hit Homer. That he heard nothing said before the shooting and Homer was not advancing on Shepherd with a knife, but was peeling a potato with it.

Howard Roland heard appellant say, "Don't come another step or I'll shoot your heart out." Then the shots were fired and Homer "went against the wall and said, 'I guess you done done it.'" This witness "saw Homer with a knife lying on the bed" but did not see him making any move or demonstration toward Shepherd.

Nellie Jones testified, "Homer was coming over towards us with a knife in his hand; Shepherd told him not to come towards us—he come anyway, and Shepherd shot him." She further testified that Homer neither threatened nor did anything to Shepherd.

Manifestly, the physical facts and circumstances do not corroborate the accused that he shot Homer in self-defense, nor are they more consistent with his innocence than his guilt, and the rule enunciated in Carpenter v. Com., 287 Ky. 819, 155 S. W. 2d 240, and

Dixon v. Com., 290 Ky. 469, 161 S. W. 2d 913, has no application. No witness testified that the victim of this shooting was threatening accused with a knife or offering in any way to harm him. The accused and his companion, Nellie, each testified Homer was coming towards them with a knife in his hand, but neither said that he made any threat or demonstration against either of them. Howard and Orville Roland both testified that Homer was peeling a potato with the knife.

The most that can be said in behalf of the accused is that the evidence is conflicting as to whether or not the victim was advancing on him with a knife and he fired in self-defense. The rule is that where the accused admits the shooting he must convince the jury he acted in self-defense. Where the evidence is conflicting we will not disturb the verdict, as it is the function of the jury to pass on the credibility of the witnesses and to weigh the evidence. It is only where the proof uncontradictedly shows that the shooting was done in self-defense that a court is justified in directing a verdict in favor of the accused. Reed v. Com., 273 Ky. 607, 117 S. W. 2d 589, 116 A. L. R. 673; Crum, v. Com., 284 Ky. 483, 144 S. W. 2d 1047. Nor can it be said the verdict is flagrantly against the evidence as it was reasonable in the circumstances for the jury to have found that accused committed the crime with which he was charged. Mills v. Com., 299 Ky. 430, 185 S. W. 2d 689.

There is no merit in appellant's contention that in addition to instructing on self-defense the court should have given an instruction to acquit him in the event the jury believed he fired in defense of Nellie. The weakness in appellant's position is that there is no testimony to the effect he acted in her defense. Shepherd expressly testified he shot to protect himself from his victim and made no mention of any danger to Nellie. The necessity for instructions largely depends upon the facts in every case and where there is no issue made by the evidence, it is not necessary to instruct thereon. Bush v. Com., 240 Ky. 195, 41 S. W. 2d 1091; Glenday v. Com., 255 Ky. 313, 74 S. W. 2d 332; Cook v. Com., 262 Ky. 718, 91 S. W. 2d 25.

The judgment is affirmed.