## TURNER v. COMMONWEALTH.

Court of Appeals of Kentucky.

May 25, 1951.

Joe S. Feather, Williamsburg, for appellant.

A. E. Funk, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

SIMS, Justice.

Louie B. Turner was convicted of striking Mrs. Myrtle Thacker with a deadly weapon with intent to kill her and his punishment was fixed at confinement in the penitentiary for 10 years. He assigns two grounds for reversal of the judgment: 1. Improper remarks in the opening statement of the case to the jury by counsel employed to assist in the prosecution; 2. improper remarks in the closing argument by the same attorney.

There is practically no contrariety in the evidence. Appellant is a 19 year old country boy who lived with his mother and step-father across the road from Mrs. Thacker. Appellant and Mrs. Thacker had known each other for ten years and their families were on good terms. Once at Mrs. Thacker's invitation, Louie went to her home and stayed with her several hours at night for protection until her husband returned. The boy bore a good reputation and had been in no trouble previous to the instance about to be related.

On the morning of June 17, 1950, Louie drank some moonshine whiskey and testified he "blanked out". Mrs. Thacker around 11 o'clock that morning went to a spring for a bucket of water, leaving the door to her home open. Evidently, Louie walked into the house during the few minutes she was absent. Upon returning from the spring, Mrs. Thacker started washing dishes in the kitchen and went into the dining room to set a salt shaker on the table. She saw Louie standing against the dining room wall with a raised club in his hand with which he struck her on the forehead, grabbed her, put his hand over her mouth and threw his other hand around her back. She pulled away from him and ran out of the house screaming, "Louie hit me".

Louie testified he "came to" when Mrs. Thacker screamed; that he was scared, "run a little ways then walked a little ways" and within two hours was arrested in nearby Pruden, Tennessee. He did not remember being in Mrs. Thacker's home or of striking her and had no reason for striking her. He stated that she was a good woman and if she said he hit her, he did. The stick found on the scene was a piece of green maple about two feet long and an inch in diameter, which had been freshly cut.

The motion for a new trial and the bill of exceptions both show that counsel employed to assist the Commonwealth in his opening statement to the jury, after outlining what the Commonwealth would prove, "stated to the jury that in his opinion defendant went to the home for the purpose of committing criminal assault and rape on the person of Mrs. Thacker." Defendant's counsel objected and moved the court to admonish the jury not to consider the quoted statement. The court overruled the objection and refused to admonish the jury.

Not a line of proof was presented by the Commonwealth to show defendant attempted to assault or to detain prosecutrix for the purpose of having sexual relations with her or of raping her. He said nothing to her, nor did he attempt to fondle her, be-fore, at the time or after striking Mrs. Thacker. The office of an opening statement is to outline to the jury the nature of the charge against the accused and the law and facts counsel relies upon to support it, so that the jury may follow and understand the testimony as it falls from the lips of the witnesses. It is highly improper to attempt to sway the jury by making statements as to facts which counsel knows he cannot prove or will not be permitted to introduce. It is never proper in an opening statement for counsel to argue the case or to give his personal opinions or inferences from the facts he expects to prove. Criminal Code of Practice, § 220; Lickliter v. Commonwealth, 249 Ky. 95, 60 S.W. 2d 355; Mills v. Commonwealth, 310 Ky. 240, 220 S.W.2d 376.

It is difficult to understand why counsel employed to assist in this prosecution went so far afield as to give his personal opinion in his opening statement to the jury as to the motive of accused in striking this woman. Had he been sworn as a witness, his testimony giving his opinion as to why Louie struck Mrs. Thacker would not have been admissible. Counsel could have had but one purpose in mind by injecting this inflammatory language into his opening statement, to-wit, to prejudice the jury. That he succeeded is shown by the verdict of 10 years imprisonment for striking this good woman a not too severe blow on her head by a neighbor boy and friend, shown by the record to be "blanked out" from drinking moonshine whiskey.

In both the Lickliter and Mills cases the court sustained an objection to improper remarks in the opening statements by counsel for the Commonwealth and admonished the jury not to consider them. But in the Lickliter opinion we had grave doubt if the poison with which the minds of the jurors had been inoculated could be removed by an admonition and the judgment was reversed. While in the Mills opinion it was not necessary to say whether the admonition cured the damage since that judgment was reversed on other grounds. Here, appellant's objection to the highly prejudicial statement and motion to admonish the jury not to consider it were overruled, thereby

the court stamped it with his approval. Patently, this was prejudicial error for which we must reverse the judgment.

■ It was improper for this same counsel in his argument to the jury to refer to appellant as a "big cow". We have many times condemned references to accused and his witnesses in scurrilous and degrading terms by the prosecuting attorney. East v. Commonwealth, 249 Ky. 46, 60 S.W.2d 137, and authorities therein cited. But we do not reverse this judment because appellant was referred to as a "big cow". However, on another trial counsel for the prosecution will stay in the record and not indulge in name calling against the accused.

The judgment is reversed for proceedings consistent with this opinion.