## CLARK v. COMMONWEALTH.

Court of Appeals of Kentucky.
Oct. 26, 1951.

Hiram H. Owens, Barbourville, for appellant.

A. E. Funk, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

LATIMER, Justice.

Appellant was indicted and tried for the murder of William Bryson. He was convicted for malicious shooting and wounding with intent to kill and given a sentence of two years. The Commonwealth failed to prove the death of Bryson. The chief question presented here is whether or not the offense of malicious shooting and wounding with intent to kill is an offense so separate and distinct that a conviction therefor cannot be upheld under an indictment for murder where the Commonwealth fails to prove the corpus delicti on the murder charge.

The evidence is conflicting as to the circumstances surrounding the shooting, which apparently grew out of some grudge or bad feeling existing between appellant and Bryson. We shall not concern ourselves so much with this conflicting evidence as the jury was the sole judge of the facts.

It appears that immediately after the shooting Bryson was taken in an ambulance to Knoxville. The Commonwealth closed its case without proving Bryson died from this gunshot wound. It is conceded by the Commonwealth that the corpus delicti was not proven and that the charge of murder must, therefore, fall. The trial court, consequently, did not instruct on murder or manslaughter but did give an instruction on malicious shooting and wounding with intent to kill.

Appellant made motion for a directed verdict properly challenging the sufficiency

of the evidence to convict for malicious shooting and wounding with intent to kill under an indictment for murder.

■ In 1 Bishop's New Criminal Law, Section 780, it is said: "In felonious homicide, committed by an assault and a beating, there may be a gradation of offenses, the particulars of which will somewhat vary with the laws of the State in which it is committed. The lowest offense will be assault, the next above it will be battery, the next will sometimes be assault with a dangerous weapon, the next assault with a dangerous weapon with intent to kill, the next manslaughter, the next murder, and the last murder in the first degree. Each one of these, except the last, will be a less crime included in the greater."

In Gregory's Kentucky Criminal Law, Section 1120, pages 857, 858, we find these words: "In addition to the degree of offenses specifically mentioned in Section 263, Criminal Code of Kentucky, as being degrees of the same offense a large number of other offenses may be embraced in indictments for some particular offense. This occurs, where the indictment charges such offense, as having been committed with particular circumstances as to time, place, person, property, value, motive or intention, and where, without such circumstances or part thereof, the act complained of constitutes some other public offense, whether felony or misdemeanor, such other offense is included in the indictment for such particular offense. * * * and the charge of murder, by stabbing, includes malicious cutting and cutting in sudden heat and passion, and on same principle the charge of murder by shooting would include malicious shooting and shooting in sudden affray, or striking with a deadly weapon, would include malicious striking and assault and battery."

A situation somewhat similar to the instant case is found in Housman v. Commonwealth, 128 Ky. 818, 110 S.W. 236. Housman was indicted for murder, but the proof showed that death was not due to the wound inflicted. We upheld a conviction for malicious cutting and wounding.

A statute authorizing conviction of a lower degree of crime contemplates a conviction for a lesser offense in the event the evidence does not justify a conviction for the greater. The text rule we observe above is not inconsistent with this statutory contemplation. In the absence of proof of death, the evidence in this case shows acts falling short of homicide.

■ Based upon facts constituting the offense of shooting and wounding with intent to kill, the instruction as given clearly and concisely applied the legal principle involved. We conclude that it was properly given.

■ It is insisted that defendant made out a clear case of self-defense and that the court should have directed an acquittal of defendant. True, defendant did claim self-defense. He presented proof in support thereof. However as stated above, the evidence is conflicting. The jury is the sole judge of the facts. We find no merit here.

■ Other alleged errors, more or less minor or technical, are called to our attention. Appellant complains that his substantial rights were prejudiced by the Commonwealth Attorney's opening statement, that he would prove appellant was drunk at the time of the shooting. This he failed to do. It is insisted that, even though appellant's motion to exclude the statement was sustained, the court's directions not to consider it did not cure the error. The same contention is made with respect to the statement of the sheriff, that he heard the defendant was in the city jail for being drunk the following morning. The references to drunkenness above, under the facts of this case, are not within the rule announced in the cases of Lickliter v. Commonwealth, 249 Ky. 95, 60 S.W.2d 355, and Mills v. Commonwealth, 310 Ky. 240, 220 S.W.2d 376.

■ It is next insisted that in the instruction on malicious shooting with intent

54

to kill there should have been included, "not in his necessary or reasonably apparent necessary self-defense". The court later did give a proper self-defense instruction. This appears to us to be sufficient.

The parties involved in the shooting are colored people. The defendant was tried by an entirely white jury. Apparently no objection was made nor were any steps taken relative to this matter in the court below. We find no persuasive merit in the contentions relative to these additionally alleged errors.

The appellant was given only a sentence of two years. Had the Commonwealth proven death as a result of the shooting, this evidence could easily have supported a conviction of murder. We find no substantial error.

The judgment is affirmed.