464

## DODD v. COMMONWEALTH.

Court of Appeals of Kentucky.
Feb. 20, 1953.

George R. Pope, Harlan, and Carlos B. Pope, Barboursville, for appellant.

J. D. Buckman, Jr., Atty. Gen., and John B. Browning, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

The appellant, Mrs. Jess (Clara) Dodd, was convicted of voluntary manslaughter and sentenced to the state reformatory for women for a term of 21 years.

On this appeal she urges four grounds for a reversal of her conviction: (1) abuse of discretion in denying her motion for a continuance; (2) insufficient evidence to support the conviction; (3) error in limiting the effect of certain testimony; and (4) erroneous instructions.

Upon the calling of the case for trial, counsel for appellant filed a motion for a continuance which was supported by affidavits containing statements to the effect that appellant was suffering from several physical ailments and was unable to stand trial on the day the case was set.

Apparently the court was of the opinion that appellant's motion was not made in good faith. A hearing was held by the court to determine the merits of appellant's motion. The court resolved the issue in favor of the Commonwealth. We have reviewed the evidence presented upon this hearing and find that the court was justified in denying appellant's motion. Appellant was present at the trial and testified and otherwise actively participated in her defense. No complaint is made that she was unable to consult with her attorney and prepare her case for trial; nor that any of her witnesses were absent. No claim is made that her constitutional rights were violated.

The granting of a continuance in a criminal case is within the trial court's sound discretion and that discretion will not be interfered with unless it has been abused. The trial judge had an opportunity to hear and observe the witnesses on the pre-trial proceeding; hence, his knowledge of the case and his acquaintance with the parties and their witnesses doubtlessly enabled him to know whether the motion was a mere subterfuge for delay.

It would be injudicious for this Court to hold, under the evidence and circumstances appearing, that the court's refusal to grant the continuance was an abuse of discretion. Greene v. Commonwealth, 282 Ky. 364, 138 S.W.2d 996; Young v. Commonwealth, 271 Ky. 65, 111 S.W.2d 433; Ellison v. Commonwealth, 195 Ky. 370, 242 S.W. 368.

It is next urged that the evidence is insufficient to support the conviction. Appellant admits that she shot and killed her son-in-law, George Clark, on the night of April 2, 1952, but attempts to justify her act by claiming that she shot Clark in her own defense and in the defense of her daughter. Appellant's testimony and that of her daughter, Mrs. Ailene Clark, supports her theory of the case. However, there appears other evidence given by disinterested witnesses that contradicts the testimony given in appellant's behalf, and which the jury had a right to consider in arriving at its verdict.

The Commonwealth introduced John Asbury, who resided about 90 feet from the residence of the deceased. He stated that on the night that George Clark was killed, and near 8:00 p. m., Ailene Clark, wife of the deceased, came to his home seeking sanctuary from her husband who she said was drunk and had been abusing her. Shortly thereafter, George Clark came to Asbury's house in search of his wife, and left when told she was not there. Clark had been drinking but was not misbehaving. Ailene had left by the back door. At about 11:00 p. m. the same night, Asbury stated he was sitting in his bedroom on the corner of the bed looking out a window from which he could see the front door of deceased's house and saw a taxicab stop at the Clark home and Ailene and her mother (the appellant) get out. Ailene walked upon the porch and forced the front door open and entered her home. Appellant followed her daughter upon the porch of the house but did not enter. George Clark came to the door, and was talking with appellant. Clark was leaning against the doorframe of the front door with appellant standing a few feet in front of him. Ailene came out of the house

with her children and her husband caught one of the children by the hand and pulled him back into the house, but apparently the boy managed to get away. Ailene walked past Clark and was proceeding toward the taxicab when appellant fired two shots. Asbury said he saw the flash of the gun and the shots hit deceased and that immediately after the shooting Ailene cried aloud, "Lord have mercy, you killed him. You had no business doing that." According to Asbury there was a light on in the front room of the Clark home and he could plainly see Clark and he was not armed nor was he assaulting appellant or Ailene Clark or any one at the time appellant shot him. Immediately after the shooting Mrs. Dodd and her daughter and the children got into the taxicab and drove away.

The testimony of the county attorney shows that soon after the shooting of Clark, Mrs. Ailene Clark appeared and signed a written statement, in appellant's presence, that she shot her husband; but after the true facts were brought to the attention of the law enforcement officials, appellant confessed that she shot Clark.

Under the evidence the question of appellant's guilt was for the jury and we find there was ample evidence to sustain its verdict. Shepherd v. Commonwealth, 306 Ky. 121, 206 S.W.2d 485; Devers v. Commonwealth, 305 Ky. 551, 204 S.W.2d 968.

Appellant insists that the court committed prejudicial error in limiting the effect of certain testimony that related to assaults perpetrated by George Clark upon his wife prior to the occasion of the shooting. The admonition of the court was to the effect that the jury should consider the evidence of previous assaults of Clark upon his wife, only insofar as it "would throw any light on the attitude and frame of mind of the deceased at the time he was killed."

Although the admonition was technically incorrect, we do not find it to be prejudicially erroneous in this case for two reasons: (1) As there was no dispute about appellant's right to be present on Clark's premises at the time of the shooting; and (2)

in view of the fact that appellant did not contend that she shot deceased in heat and passion because of provocation consisting of deceased's abuse of her daughter, but that she shot Clark in self-defense or in the defense of her daughter.

The specific objection to the instructions is directed to the voluntary manslaughter instruction. Appellant argues that the instruction was inadequate. We have carefully examined all the instructions and find that they sufficiently cover the whole law of the case. A voluntary manslaughter instruction is in proper form if it requires the jury to believe that the killing was done in sudden heat and passion upon provocation reasonably calculated to excite the passion of defendant beyond the power of his control. Taylor v. Commonwealth, 262 Ky. 126, 89 S.W.2d 630; Woodall v. Commonwealth, 244 Ky. 320, 50 S.W.2d 939; Grammer v. Commonwealth, 222 Ky. 727, 2 S.W.2d 373; Miller v. Commonwealth, 163 Ky. 246, 173 S.W. 761; Stanley's Instructions to Juries, Section 873. There is no necessity for going further and specifically stating what constitutes provocation where such instruction is given. Cook v. Commonwealth, 72 S. W. 283, 24 Ky.Law. Rep. 1731. We think that the instruction given on voluntary manslaughter was more favorable to appellant than she was entitled to receive.

We find no error prejudicial to appellant's substantial rights, therefore the judgment is affirmed.