[redacted]

**Vernon GRAHAM, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 3, 1967.

[redacted]

J. K. Beasley, Harlan, M. B. Fields, Hazard, for appellant.

Robert Matthews, Atty. Gen., Howard E. Trent, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Having been convicted of voluntary manslaughter and sentenced to fifteen years' imprisonment in the penitentiary, Vernon Graham appeals. He based his defense upon his claimed insanity and presents three grounds upon which he considers himself entitled to reversal of the conviction: (1) improper remark in the opening statement of the Commonwealth's attorney; (2) improper rejection of testimony offered; and (3) erroneous instructions given by the court.

Appellant Graham shot and killed O. J. Weldon as the victim was standing at the door of the residence of Lydia Shepherd. Graham and Lydia had lived together as man and wife for more than twenty years, although they were never married. A short time before the tragedy, Graham and Lydia had severed their relationship, and Graham evinced extreme jealousy, although the record fails to suggest that he had cause to be jealous of Weldon.

In his opening statement to the jury, the Commonwealth's attorney used the following language in reference to the fact that the accused had been confined in a mental institution after the killing and before the trial: "Someone, I may be doing him an injustice, but someone, I suspect Dr. Goss, placed the defendant in a mental institution in Radford, Virginia." The "Dr. Goss" apparently referred to Mr. Eugene Goss, of counsel for the accused. Objection to the statement of the Commonwealth's attorney was made, along with a motion by appellant that the swearing of the jury be set aside and the case be continued. The court overruled the motion but admonished the jury to disregard the statement and not consider it for any purpose. Appellant relies on Shepperd v. Commonwealth, Ky., 322 S.W.2d 115, and Turner v. Common-

wealth, Ky., 240 S.W.2d 80, but we consider those cases distinguishable. In both of them, the trial court not only denied the motion to set aside the swearing of the jury but failed to admonish the jury to disregard the statement. In each of the cited cases, the comments in the opening statements were definitely prejudicial, whereas in the case at bar we find no prejudice in the statement. The parties stipulated that the jury hear read an order of the trial court committing appellant to the hospital at Radford, Virginia; the sarcastic reference to appellant's counsel as "Dr. Goss" does not rise to the dignity of reversible error. Cf. Jones v. Commonwealth, Ky., 311 S.W.2d 190; Clark v. Commonwealth, Ky., 243 S.W.2d 52.

The complaint of rejected evidence occurred during the examination of Lydia Shepherd and is based upon the following colloquy:

"Q8 Lydia, based upon your observations of Vernon Graham, as you have described here, do you have an opinion as to whether or not Vernon Graham on the night of the shooting of Mr. Weldon was of sound mind?

The Commonwealth Objects. The Court Sustained Objection.

A   I don't think so."

■■■ Appellant cites Feree v. Commonwealth, 193 Ky. 347, 236 S.W. 246, and other cases of like import to the effect that a non-expert witness may give an opinion as to the mental condition of another, provided the witness has testified to facts evincing a familiarity with the life, habits, and conduct of the one whose mental condition is at issue. We agree that the rule is as urged by the appellant and that technical error occurred when the court sustained the Commonwealth's objection to the quoted question. Lydia had testified extensively of her observation of abnormal conduct and seeming mental aberrations of the appellant. No

open-minded individual could have heard Lydia's testimony without forming the conclusion that she considered appellant to be of unsound mind at the time of the shooting. It will be observed that despite the court's ruling on the objection, Lydia expressed her opinion anyway. A detailed recitation of appellant's mental condition was related to the jury by a psychiatrist. In these circumstances we consider that the error was harmless. RCr 9.24. See Bolin v. Commonwealth, Ky., 407 S.W.2d 431; 5 Am.Jur.2d, Appeal and Error, Section 806, Page 248.

■■■ The final attack upon the judgment is rested upon claimed error in the trial court's instruction on insanity. The instruction as given was in the following language:

"1. Although the jury may believe from the evidence beyond a reasonable doubt that the defendant shot and killed the deceased, O. J. Weldon, yet if they further believe from the evidence that at the time of the killing the defendant was of unsound mind, then they should acquit him.

"2. The law presumes every man sane until the contrary is shown by the evidence. Before the defendant can be excused on the ground of insanity the jury must believe from the evidence that at the time of the killing, the defendant, as a result of mental disease or defect, (a) did not have substantial capacity to appreciate the criminal nature of the act, or, if he did have such capacity, (b) did not have substantial capacity to conform his conduct to the requirements of the law."

It will be observed that the instruction as given is not in the exact language of the prepared instruction set out in Terry v. Commonwealth, Ky., 371 S.W.2d 862, 865. The form used by the circuit court appears to have been taken from the Model Penal Code and, in our view, substantially complied with the instruction suggested in Terry. We regard it as safer and

better practice to utilize the instruction as set out in Terry but are unable to say that the appellant's theory of defense was improperly related to the jury by the terms of the instruction as given. It will be noted that the prime difference between the instruction given and the instruction set out in Terry is to be found in phrase (b) as used in the two instructions. In our view the two instructions express the same thought in different language, either of which adequately presents so much of the insanity defense as it purports to cover.

The judgment is affirmed.

WILLIAMS, C. J., and EDWARD P. HILL, MILLIKEN, MONTGOMERY, PALMORE, and STEINFELD, JJ., concur.

OSBORNE, J., not sitting.