208 N.J. Super. 688 (1986)
506 A.2d 829
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TIMOTHY CONNELL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 15, 1986.
Decided March 20, 1986.
*689 Before Judges BRODY, GAYNOR and BAIME.
Thomas S. Smith, Acting Public Defender, attorney for appellant (Ellen Schiever, Assistant Deputy Public Defender, of counsel and on the letter brief).
*690 Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent (Jay Hindman, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
Defendant appeals his sentence. He and a co-defendant were hired to kill a witness in a federal investigation. As defendant drove past the witness's house, his accomplice fired a handgun into the witness's automobile. The witness and his son had just entered the car and were about to drive to work. Both victims survived the shooting but they were seriously wounded. Defendant has an extensive criminal record, including a conviction of assault with a revolver.
Pursuant to a plea agreement, the trial judge imposed concurrent Graves Act mandatory extended prison sentences of 15 years with a minimum term of 5 years for each of four second-degree crimes: conspiracy to commit murder (N.J.S.A. 2C:5-2), aggravated assault of the father (N.J.S.A. 2C:12-1(b)(1)), aggravated assault of the son (N.J.S.A. 2C:12-1(b)(1)) and possession of a weapon for an unlawful purpose (N.J.S.A. 2C:39-4). The judge ordered that defendant serve the sentences concurrently with a 25-year federal prison sentence that had resulted from the same episode. The judge dismissed counts charging second-degree attempted murder (N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3) and third-degree possession of a handgun without a permit (N.J.S.A. 2C:39-5(b)).
Defendant argues that (1) three of the extended prison sentences are illegal because N.J.S.A. 2C:44-5(a)(2) prohibits imposition of more than one extended prison term when multiple prison sentences are imposed, (2) N.J.S.A. 2C:1-8(a)(2) requires that the conspiracy and aggravated assaults merge and (3) N.J.S.A. 2C:44-3(d) does not permit imposition of a mandatory extended prison term for conspiracy to commit murder because *691 conspiracy is not a Graves Act crime. The State concedes defendant's last point.
Extended prison terms serve two different functions in the Code. They offer the sentencing judge an option, which he may take on request of the prosecuting attorney, to impose a longer prison sentence than is ordinarily available. When performing this function, an extended prison term may be imposed in the exercise of sound judicial discretion where the defendant is a persistent offender, a professional criminal or a party to a crime committed for hire. N.J.S.A. 2C:44-3(a), (b) and (c).
Extended prison terms also serve as the mandatory sentence for a defendant who has committed any of the crimes enumerated in N.J.S.A. 2C:44-3(d) (Graves Act crimes) in the course of which he used or possessed a firearm, if he had previously been convicted of a Graves Act crime involving the use or possession of a firearm. Ibid. When performing that function, an extended prison term is the ordinary sentence for the crime.
These two distinct functions of extended prison terms are explicitly stated in the Code. N.J.S.A. 2C:43-6(c) provides in part:
A person who has been convicted of [one of the Graves Act crimes] and who used or possessed a firearm during its commission, attempted commission or flight therefrom and who has been previously convicted of an offense involving the use or possession of a firearm ... shall be sentenced by the court to an extended term ... notwithstanding that extended terms are ordinarily discretionary with the court.
When multiple Graves Act prison sentences are imposed on a second Graves Act offender, the sentence for each Graves Act crime must lie within the extended prison sentence range.
Defendant relies on N.J.S.A. 2C:44-5(a)(2), which provides in part:
When multiple sentences of imprisonment are imposed on a defendant for more than one offense ... [n]ot more than one sentence for an extended term shall be imposed.
That provision limits the judge's authority to impose discretionary extended prison terms, not Graves Act mandatory extended prison terms. Graves Act extended prison terms are mandatory *692 "notwithstanding that extended terms are ordinarily discretionary with the court." N.J.S.A. 2C:43-6. The section defendant relies on preceded the Graves Act by more than two years.
Defendant's second point is more difficult. In a departure from pre-Code law, N.J.S.A. 2C:1-8(a)(2) provides that a conspiracy to commit a substantive crime merges with a conviction for that substantive crime. Defendant argues that because under that section he could not be convicted of both conspiring to commit murder and committing that murder, he cannot be convicted of conspiring to commit murder and committing only an aggravated assault upon the intended murder victim. N.J.S.A. 2C:1-8(a)(2) does not support defendant's argument. It provides that a defendant
may not, however, be convicted of more than one offense if ... [o]ne offense consists only of a conspiracy or other form of preparation to commit the other;
A conspiracy to commit murder is not a conspiracy to commit aggravated assault. See State v. Hardison, 99 N.J. 379, 386-387 (1985).
Yet in some cases it would be unfair, illogical and anomalous for a defendant to be convicted of two crimes instead of one solely because, by chance, the substantive crime he committed is less serious than the one that he had conspired to commit against the same person. This would occur when a defendant's sentencing exposure is greater for both the conspiracy and the substantive crime if the crimes do not merge than it would have been had he committed the more serious substantive crime that was the object of the conspiracy and the crimes merged.
An example readily demonstrates the anomaly. The general rule is that "conspiracy is a crime of the same degree as the most serious crime which is the object of the conspiracy...." N.J.S.A. 2C:5-4(a). An exception to the general rule is that a "conspiracy to commit a crime of the first degree is a crime of the second degree...." Ibid. Thus a defendant who had conspired to commit a second-degree sexual assault but instead committed only a third-degree criminal sexual contact on the *693 same person would, if there is no merger, face sentencing for both a second-degree crime and a third-degree crime. However, if the same defendant had committed the more culpable second-degree sexual assault as planned, he would have faced sentencing for only the second-degree sexual assault because under N.J.S.A. 2C:1-8(a)(2) the conspiracy would merge.
The Code avoids such unfair treatment of a less culpable defendant through merger under N.J.S.A. 2C:1-8(a)(1), which provides that a defendant
may not, however, be convicted of more than one offense if ... [o]ne offense is included in the other, as defined in subsection d. of this section;
Subsection d. provides:
A defendant may be convicted of an offense included in an offense charged whether or not the included offense is an indictable offense. An offense is so included when:
(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or
(2) It consists of an attempt or conspiracy to commit the offense charged or to commit an offense otherwise included therein; or
(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.
The questions in the present case, then, are whether aggravated assault is included in conspiracy to murder the person assaulted and whether conspiracy to commit murder is included in aggravated assault upon the person the defendant had conspired to murder.
We first eliminate subsection (d)(1) because the key fact required to establish conspiracy to commit murder is different from, not "the same or less than," the facts required to establish aggravated assault. Although under the Code an element of conspiracy is no longer an "agreement" as defined at common law, N.J.S.A. 2C:5-2 continues to require that the defendant "agree" with another person that a crime be committed. Agreement in the sense contemplated by the Code definition of conspiracy is not a fact required to establish aggravated assault.
*694 We next eliminate subsection (d)(2), which provides that a conspiracy can be included in the offense that is the object of the conspiracy or in "an offense otherwise included therein."[1] Aggravated assault or "an offense otherwise included therein" is not the object of conspiracy to commit murder.
Subsection (d)(3) applies. Application of that subsection requires weighing the offenses either in terms of injury or risk of injury to the same person or in terms of the kind of culpability that suffices to establish the offenses. It may be that a particular aggravated assault posed a more or "less serious ... risk of injury" than conspiracy to murder the same person, or that conspiracy to murder is in some sense a more or "less serious injury" than a particular aggravated assault of the same person. Generally, however, a weighing of aggravated assault against conspiracy to murder the same person can more suitably be done on an adaptable scale that measures the "kind of culpability" that "suffices to establish" each crime.
The premise for using the same scale of culpability to weigh the crimes of aggravated assault and conspiracy to murder the person assaulted is derived from the holding in State v. Zelichowski, 52 N.J. 377 (1968), a pre-Code case. The Court there held that atrocious assault was included in murder. The defendant was charged with murder. There was evidence that he had atrociously assaulted the victim and left him lying helplessly on the ground. Other evidence suggested, however, that the victim died from a subsequent assault by someone else before his body was found. The Court held that
where the State's thesis is willful murder, atrocious assault and battery is encompassed, i.e., it is a lesser included offense. Thus, the question of *695 atrocious assault and battery is properly left to the jury where, as here, under the evidence a reasonable doubt might exist as to whether the acts for which the defendant is sought to be held criminally responsible proximately caused the death of the victim. [Zelichowski, 52 N.J. at 384]
Aggravated assault of a person has been held to merge with attempted murder of the same person. See State v. Lavender, 68 Or. App. 514, 682 P.2d 823 (Ct.App. 1984), review den. 297 Or. 547, 685 P.2d 998 (1984); Commonwealth v. Ford, 315 Pa.Super. 281, 461 A.2d 1281, 1286-1287 (Pa.Super. 1983) and People v. Dixon, 36 Ill. App.3d 247, 343 N.E.2d 583, 589 (App.Ct. 1976). For the purpose of merger, there is little difference between the "kind of culpability" that establishes an "attempt" and the kind that establishes a "conspiracy" to commit the same crime. Both are "inchoate crimes" under Chapter 5 of the Code and the Code generally grades them the same way. N.J.S.A. 2C:5-4(a). Aggravated assault and conspiracy to murder the person assaulted therefore merge under N.J.S.A. 2C:1-8(a)(1) and (d)(3).
The grading provisions of the Code ordinarily offer the appropriate measure of culpability to determine which offense survives merger when weighing culpability under N.J.S.A. 2C:1-8(d)(3). We have noted that as a general rule, a conspiracy is a crime of the same degree as the most serious crime which is its object. N.J.S.A. 2C:5-4(a). Thus generally if in the execution of a conspiracy, the substantive crime committed falls short of the crime planned, the conspiracy survives the merger because the substantive crime committed will be of a lower degree and therefore of "a lesser kind of culpability" than the conspiracy.
The general rule cannot automatically be applied here for two reasons. Because of the statutory exception in grading conspiracies to commit first-degree crimes, N.J.S.A. 2C:5-4(a), conspiracy to commit murder is only a second-degree crime even though murder is a first-degree crime. N.J.S.A. 2C:11-3(b). Thus, when comparing the relative culpability of aggravated assault and conspiracy to murder, we are comparing the culpability *696 of two second-degree crimes. Looking beyond the degree of the crimes, however, it is obvious that the Legislature considered murder to carry a far greater kind of culpability than the usual first-degree crime. The possible sentence for murder ranges from imprisonment for 30 years without parole to death. N.J.S.A. 2C:11-3(b) and (c). No other crime carries so severe a sentence. Because merger is in part a matter of legislative intent, State v. Best, 70 N.J. 56, 69-70 (1976), we conclude from the Legislature's especially high sentencing range for murder that it intended conspiracy to commit murder to carry a greater kind of culpability than aggravated assault of the intended murder victim, even though both are crimes of the same degree.
A Graves Act aggravated assault, however, cannot be merged into the non-Graves Act conspiracy and then be forgotten. The Legislature did not intend to eliminate mandatory Graves Act sentences through merger. When faced with a similar problem with respect to plea agreements, our Supreme Court directed that, in the absence of other factors not relevant here, a Graves Act crime cannot be dismissed under a plea agreement unless the prison sentence for committing the non-Graves Act crime is "at least equal in length to that which would have been required for the [Graves Act] offense being dismissed." N.J.S.A. 2C:43-6, Supreme Court Memorandum, April 27, 1981-Plea Bargaining, at 188.
We therefore conclude that when a Graves Act crime merges with a non-Graves Act crime, the sentence must be at least equal in length to the mandatory sentence required for the Graves Act crime. If the sentencing guidelines for the non-Graves Act crime do not permit that long a sentence, the Graves Act crime survives the merger. From his record as a persistent offender and from the fact that he committed the present crimes for hire, defendant in this case could have received an extended prison sentence for the conspiracy that would be at least as long as the mandatory Graves Act sentence *697 for the aggravated assault. N.J.S.A. 2C:44-3(a) and (c). The aggravated assault of the father therefore merges into the conspiracy to murder him.
In sum, when imposing prison sentences for more than one offense a judge must impose a Graves Act sentence, including mandatory extended prison terms, for each Graves Act conviction. When a defendant only assaults the victim that he had conspired to murder, the assault generally merges into the conspiracy conviction. However, if the assault constituted a Graves Act crime, the sentence imposed must be no less than the mandatory Graves Act sentence. If the sentencing guidelines for the non-Graves Act crime do not authorize imposition of a sentence at least as long as the mandatory Graves Act sentence, the non-Graves Act crime merges and the defendant must be sentenced for the Graves Act crime.
Applying the foregoing principles here, the aggravated assault of the father merges with the conspiracy to murder him. Because the aggravated assault of the father requires a mandatory extended prison term, the trial judge properly imposed the extended prison term for the conspiracy. Thus, we vacate only the sentence for the aggravated assault of the father. The other three convictions are affirmed.
NOTES
[1] The Supreme Court recently sustained the constitutionality of that provision in a case where the defendant was convicted of conspiracy even though that crime was not charged in the indictment. The Court was satisfied that considering the contents of the indictment as a whole, it was "virtually inconceivable" that the grand jury had not concluded that the defendant had conspired to commit the crime charged. State v. LeFurge, 101 N.J. 404, 422-423 (1986).