**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2826-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GERARD D. WATKINS,

     Defendant-Appellant.

_____

Submitted May 6, 2024 – Decided July 30, 2024

Before Judges DeAlmeida and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 96-11-1326 and 96-11-1331.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Meredith L. Balo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Gerard D. Watkins appeals from two orders of the Law Division: (1) the August 17, 2021 order denying his motion to vacate an illegal sentence and for resentencing; and (2) the February 22, 2022 order denying his motion for reconsideration. We affirm.

I.

On September 10, 1996, defendant, then twenty-two, and another man robbed an eighty-two-year-old man in his Hillside home. Under the influence of cocaine and armed with a sawed-off shotgun, defendant bound the elderly man's hands and feet after ordering him to lie face-down on the floor, then stole his wallet, money, handguns, and car.

Three days later, on September 13, 1996, defendant and another man shot and robbed a man in his Scotch Plains home. The victim, asleep in his bed, was awakened by defendant, who was wearing a surgical mask. Defendant immediately shot the man in the head at pointblank range. Although the victim survived, he pretended to be dead in the hope that defendant would not shoot him again. Defendant and the other man stole several items from the victim's home, as well as his car, which the two abandoned nearby. They fled in the car they stole from the victim in Hillside.

2

Hillside police officers, having heard radio transmissions regarding the Scotch Plains home invasion and car theft, positioned themselves on Route 22 East to monitor traffic. One officer explained that in his experience people who commit criminal acts west of Hillside often flee east on the highway. The officers observed a car matching the description of the car stolen in Hillside three days earlier.

After confirming that the car was the one stolen in Hillside, the officers conducted a stop. Defendant, whose fingerprint was found in the Hillside victim's home, was driving the car. The officers found the Hillside victim's two guns in defendant's pocket. The weapons were loaded and operable. In defendant's other pockets, the officers found a pair of cutting pliers, a razor knife, a small pry bar, a pocketknife, a metal bracket, a pair of black leather gloves, a t-shirt with two eye holes cut out, and a mask.

A grand jury indicted defendant and codefendant Deandre McKenzie for the Hillside robbery, charging them with second-degree burglary, N.J.S.A. 2C:18-2; first-degree robbery, N.J.S.A. 2C:15-1; first-degree carjacking, N.J.S.A. 2C:15-2; third-degree theft, N.J.S.A. 2C:20-3; third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a).

The grand jury separately indicted defendant and McKenzie for the Scotch Plains robbery, charging them with second-degree burglary, N.J.S.A. 2C:18-2; third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); first-degree robbery, N.J.S.A. 2C:15-1; fourth-degree aggravated assault, N.J.S.A. 2C:12-2(b)(4); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3(a); and first-degree carjacking, N.J.S.A. 2C:15-2.

A jury convicted defendant of all charges relating to the Hillside robbery, except second-degree possession of a weapon for an unlawful purpose. The jury acquitted defendant of that count.

On April 23, 1998, the court merged the theft conviction into the robbery conviction and sentenced defendant to concurrent twenty-year terms of incarceration with a ten-year period of parole ineligibility for the robbery and carjacking convictions. For the burglary conviction, the court sentenced defendant to a ten-year term of incarceration with a five-year period of parole ineligibility to run concurrent to the twenty-year terms. On the unlawful possession of a weapon conviction, the court sentenced defendant to a five-year term of incarceration with a two-and-one-half-year period of parole ineligibility

4

consecutive to the other sentences. The aggregate sentence was twenty-five years in prison with a twelve-and-a-half-year period of parole ineligibility.

Thereafter, a jury convicted defendant of five of the counts relating to the Scotch Plains robbery. The jury acquitted defendant of attempted murder and the court dismissed the carjacking and fourth-degree aggravated assault charges.

On October 30, 1998, the court granted the State's application for a mandatory extended term pursuant to the Graves Act, N.J.S.A. 2C:43-6(c). The court found that "this is defendant's second Graves offense[,] having previously been convicted for an armed robbery" in the Hillside matter. The court merged the possession of a weapon for an unlawful purpose conviction into the robbery conviction and sentenced defendant to an extended term of a fifty-year period of incarceration with a twenty-year period of parole ineligibility.

The court imposed concurrent terms on the remaining convictions: extended fifteen-year terms of incarceration with a six-year period of parole ineligibility for each of the second-degree crimes, and an ordinary five-year term of incarceration with a two-year period of parole ineligibility on the third-degree offense. The aggregate sentence was a fifty-year term of imprisonment with a twenty-year period of parole ineligibility. The court ordered that the sentences

5

for the Scotch Plains robbery convictions run consecutively to the sentences for the Hillside robbery convictions.

At the trial relating to the Scotch Plains robbery, McKenzie was convicted of two lesser included crimes: second-degree robbery and third-degree burglary. For the robbery conviction, the court sentenced McKenzie to an eight-year term of incarceration with a three-year period of parole ineligibility. The court imposed a concurrent four-year term of incarceration for the burglary conviction.

We affirmed defendant's convictions and sentence relating to the Hillside robbery. State v. Watkins, No. A-6342-97 (App. Div. Feb. 28, 2000). The Supreme Court denied defendant's petition for certification. State v. Watkins, 165 N.J. 134 (2000).

We also affirmed defendant's conviction and sentence relating to the Scotch Plains robbery. State v. Watkins, No. A-3315-98 (App. Div. Aug. 8, 2000). The Supreme Court denied defendant's petition for certification. State v. Watkins, 167 N.J. 86 (2001).

Defendant filed a petition for post-conviction relief (PCR) in which he argued, among other things, that he was not eligible for a mandatory extended term under the Graves Act for his first-degree robbery conviction relating to the

Scotch Plains robbery. He argued that he did not have a prior conviction within the meaning of the statute. On appeal from the denial of the PCR petition, we rejected that claim, finding that "[d]efendant's arguments overlook his convictions with respect to the Hillside incident." State v. Watkins, No. A-2591-09 (App. Div. July 13, 2011). We affirmed the denial of his PCR petition. Ibid. The Supreme Court denied defendant's petition for certification. State v. Watkins, 212 N.J. 287 (2012).

On February 15, 2018, the court amended the judgment of conviction relating to the Hillside robbery to correct a misstatement of the count of which defendant was acquitted. Defendant argues that the amended judgment of conviction does not provide the correct amount of credits for time served.

On April 22, 2021, defendant filed a motion pursuant to Rule 3:21-10 to reduce or correct his sentence. He argued that he is entitled to resentencing in light of the 2020 enactment of a new mitigating factor, N.J.S.A. 2C:44-1(b)(14). Under the newly enacted mitigating factor, at sentencing the court shall consider that "[t]he defendant was under [twenty-six] years of age at the time of the commission of the offense." Ibid. Defendant argued that the new factor applies to him retroactively.

In addition, defendant argued that he is entitled to resentencing under State v. Zuber, 227 N.J. 422, 446-47 (2017). There, the Court held that the holding in Miller v. Alabama, 567 U.S. 460, 465 (2012), "that a sentencing judge 'take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison,' applies with equal strength to a sentence that is the practical equivalent of life without parole." Defendant argued that although Miller and Zuber concerned defendants who committed crimes when they were juveniles, the holdings in those cases should apply to defendants, like him, who committed crimes as young adults and are serving sentences that are the equivalent of life in prison. Defendant argued that at his resentencing, the court must consider the progress he has made toward rehabilitation during his incarceration, including his summa cum laude graduation from Rutgers University with a degree in criminal justice.

Defendant also argued that his sentence is illegal because the sentences for the two robberies should run concurrently instead of consecutively. He argued that the consecutive sentences were the result of systemic racism and are, in effect, punishment for exercising his right to trial. He also argued that the two robberies were part of the same crime spree, further supporting concurrent sentences. Finally, defendant argued that he is entitled to be resentenced at a

hearing that considers his age at the time of the robberies, pursuant to State v. Torres, 246 N.J. 246, 273 (2021), when determining whether consecutive sentences should be imposed.

On August 17, 2021, the trial court issued an oral opinion denying defendant's motion. The court concluded that the new mitigating factor did not apply retroactively to defendants who were sentenced at the time the statute was enacted. The court also concluded that defendant was not entitled to resentencing under Torres. The court found that defendant's excessive sentence claim was decided against him in his direct appeal, as was his claim that he was not eligible for an extended sentence under the Graves Act for the Scotch Plains robbery. The trial court found no basis on which to conclude that defendant's sentence was illegal. An August 17, 2021 order memorializes the trial court's decision.

Defendant subsequently moved for reconsideration. He argued that the trial court erred when it tried the indictments separately. On February 22, 2022, the court denied the motion, concluding that defendant had not raised that argument in the original motion. A February 22, 2022 order memorializes the trial court's decision.

This appeal followed. Defendant raises the following arguments.

POINT I

THE IMPOSITION OF MULTIPLE EXTENDED TERMS AT THE SAME SENTENCING WHERE TWO EXTENDED TERMS IMPOSED WERE DISCRETIONARY WAS ILLEGAL, AND THEREFORE, A FULL RESENTENCING IS REQUIRED.

A. THERE MUST BE A REMAND FOR RESENTENCING BECAUSE DEFENDANT'S SENTENCE IS ILLEGAL.

B. THE RESENTENCING COURT MUST CONSIDER DEFENDANT'S YOUTH, WHICH THE 2021 MOTION COURT FAILED TO DO, AND RECONSIDER AND REWEIGH AGGRAVATING AND MITIGATING FACTORS, INCLUDING THE YOUTH MITIGATING FACTOR.

C. THE RESENTENCING COURT MUST CONSIDER DEFENDANT'S REHABILITATIVE EFFORTS IN ACCORDANCE WITH STATE V. RANDOLPH, 210 N.J. 330 (2012), WHICH THE 2021 MOTION COURT FAILED TO DO.

D. THE AMENDED JUDGMENT OF CONVICTION SHOULD INCLUDE PRIOR SERVICE CREDITS.

POINT II

ADDITIONALLY, THE RESENTENCING COURT SHOULD RECONSIDER THE CONSECUTIVE SENTENCES IN ACCORDANCE WITH STATE V. TORRES, 246 N.J. 246 (2021), AND REGARDING THE APPLICABILITY OF TORRES, THE

10

"RETROACTIVITY QUESTION NEVER ARISES."
STATE V. AFANADOR, 15 N.J. 41, 57 (1997).

POINT III

DEFENDANT'S PRACTICAL EQUIVALENT OF A LIFE SENTENCE ([SEVENTY-FIVE] YEARS WITH A [THIRTY-TWO]-AND-A-HALF-YEAR PAROLE DISQUALIFIER) THAT WAS IMPOSED FOR NON-HOMICIDE OFFENSES WITHOUT THE CONSIDERATION THAT HE WAS A YOUNG ADULT AT THE AGE OF [TWENTY-TWO] WAS CRUEL AND UNUSUAL PUNISHMENT; DEFENDANT'S SENTENCE IS NOT PROPORTIONAL AND YOUNG ADULTS AS A CLASS, LIKE JUVENILES, SHARE THE MITIGATING QUALITIES OF YOUTH. THEREFORE, THERE MUST BE A RESENTENCING PURSUANT TO MILLER V. ALABAMA, 567 U.S. 460, 471 (2012). SEE ALSO STATE V. COMER, 249 N.J. 359 (2022).

A. A LIFE SENTENCE FOR JUVENILES IS UNCONSTITUTIONAL WITHOUT CONSIDERATION OF THE "DISTINCTIVE ATTRIBUTES OF YOUTH," AND IT IS ONLY THE RAREST OF JUVENILE OFFENDERS FOR WHICH SUCH A SENTENCE WOULD NOT BE UNCONSTITUTIONALLY DISPROPORTIONATE. ADDITIONALLY, OUR COURT HAS NOW PROVIDED A RIGHT TO A MILLER RESENTENCING FOR JUVENILES SENTENCES FOR MURDER AND WHO HAVE SERVED [TWENTY] YEARS. SEE STATE V. COMER, 249 N.J. 359 (2022).

11

B.   AS A CLASS, YOUNG ADULTS, LIKE JUVENILES, SHARE THE "DISTINCTIVE ATTRIBUTES OF YOUTH."

C. A [SEVENTY-FIVE]-YEAR SENTENCE IS "GROSSLY DISPROPORTIONATE" TO DEFENDANT'S CRIMES AND TO DEFENDANT.

D.   THE LENGTH OF DEFENDANT'S SENTENCE QUALIFIES HIM FOR A RESENTENCING PURSUANT TO MILLER AND ZUBER, AND DEFENDANT WILL MOST LIKELY NOT BE RELEASED UNTIL HIS MAXIMUM RELEASE DATE IN 2031 WHEN HE WILL BE OVER [FIFTY-SIX] YEARS OLD AND HAVE SPENT MORE THAN THREE DECADES IN CUSTODY.

E.   "EVOLVING STANDARDS OF DECENCY" DEMONSTRATE THAT DEFENDANT'S SENTENCE WITHOUT THE CONSIDERATION OF YOUTH IS CRUEL AND UNUSUAL PUNISHMENT.

POINT IV

THE MATTER MUST BE REMANDED FOR RESENTENCING FOR THE FURTHER REASON THAT DEFENDANT RECEIVED AN EXCESSIVELY DISPARATE SENTENCE AS COMPARED TO HIS "SIMILARLY SUFFICIENT" (SIC) CODEFENDANT, RENDERING THE SENTENCE UNLAWFUL.

POINT V

IT WAS PATENTLY UNFAIR TO DEFENDANT AND A VIOLATION OF FUNDAMENTAL FAIRNESS FOR THE STATE TO CONDUCT SEPARATE TRIALS FOR ROBBERIES THAT

12

OCCURRED JUST THREE DAYS APART; THE SECOND CONVICTION RESULTED IN A MANDATORY EXTENDED TERM FOR WHICH THE SECOND SENTENCING COURT IMPOSED [FIFTY] YEARS WITH A [TWENTY]-YEAR PAROLE INELIGIBILITY TERM.

## II.

Generally, we review sentencing decisions for an abuse of discretion.  See State v. Blackmon, 202 N.J. 283, 297 (2010).  However, we review de novo questions of law related to sentencing, such as the meaning of a sentencing statute.  See State v. Gandhi, 201 N.J. 161, 176 (2010).

### A.    Multiple Extended Sentences.

We begin our analysis with defendant's argument that his sentence is illegal because the court imposed multiple extended sentences at the sentencing hearing for the Scotch Plains robbery.  "A sentence is illegal if it exceeds the maximum penalty provided in the Code for a particular offense, is not imposed in accordance with law, or fails to include a mandatory sentencing requirement." State v. Bass, 457 N.J. Super. 1, 8 (App. Div. 2018) (quoting State v. Locane, 454 N.J. Super. 98, 117 (App. Div. 2018)) (internal quotations omitted).

Our Code of Criminal Justice "provides for ordinary sentences, N.J.S.A. 2C:43-6[(a)], as well as extended-term sentences that carry greater punishment for the same crime."  State v. Pierce, 188 N.J. 155, 161 (2006).  Although some

13

extended terms are mandatory, others are within the discretion of the trial court when statutory requirements are met. Ibid. As we explained in State v. Connell, 208 N.J. Super. 688, 691 (App. Div. 1986),

> [e]xtended prison terms serve two different functions in the Code. They offer the sentencing judge an option, which [the judge] may take on request of the prosecuting attorney, to impose a longer prison sentence than is ordinarily available. When performing this function, an extended prison term may be imposed in the exercise of sound judicial discretion where the defendant is a persistent offender, a professional criminal or a party to a crime committed for hire. N.J.S.A. 2C:44-3(a), (b) and (c).
>
> Extended prison terms also serve as the mandatory sentence for a defendant who has committed any of the crimes enumerated in N.J.S.A. 2C:44-3(d) (Graves Act crimes) in the course of which he used or possessed a firearm, if he had previously been convicted of a Graves Act crime involving the use or possession of a firearm. Ibid. When performing that function, an extended term is the ordinary sentence for the crime.

Defendant's convictions relating to the Scotch Plains robbery of first-degree robbery, second-degree burglary, and second-degree aggravated assault were his third, fourth, and fifth convictions of Graves Act crimes, subjecting him to a mandatory extended term for each offense under N.J.S.A. 2C:44-3(d).

N.J.S.A. 2C:44-3 provides, in relevant part,

> [i]f the grounds specified in subsection d. are found, and the person is being sentenced for commission of

14

any of the offenses enumerated in [N.J.S.A.] 2C:43-6[(c)] . . . the court shall sentence the defendant to an extended term as required by [N.J.S.A.] 2C:43-6[(c)] . . . and application by the prosecutor shall not be required.

[N.J.S.A. 2C:44-3.]

Subsection (d) of the statute provides, in relevant part,

Second offender with a firearm. The defendant is at least 18 years of age and has been previously convicted of any of the following crimes: . . . 2C:15-1, 2C:18-2 . . . and he used or possessed a firearm, as defined in 2C:39-1[(f)], in the course of committing or attempting to commit any of these crimes, including the immediate flight therefrom.

[N.J.S.A. 2C:44-3(d).]

For the Hillside robbery, defendant was convicted of robbery, N.J.S.A. 2C:15-1 and burglary, N.J.S.A. 2C:18-2, while using or possessing a firearm. After his conviction of first-degree robbery, second-degree burglary, and second-degree aggravated assault while using or possessing a firearm in the Scotch Plains robbery, defendant satisfied the statutory criteria as a "[s]econd offender with a firearm" under N.J.S.A. 2C:44-3d. The court, therefore, was required to impose mandatory extended terms on defendant for each of his robbery, burglary, and aggravated assault convictions relating to the Scotch Plains robbery.

Defendant argues that N.J.S.A. 2C:44-5(a)(2) precludes imposition of extended terms on more than one of his convictions relating to the Scotch Plains robbery. That statute provides, in relevant part:

> a. Sentences of imprisonment for more than one offense. When multiple sentences of imprisonment are imposed on a defendant for more than one offense . . . such multiple sentences shall run concurrently or consecutively as the court determines at the time of sentence, except that:
>
> . . . .
>
> (2) Not more than one sentence for an extended term shall be imposed.
>
> [N.J.S.A. 2C:44-5(a)(2).]

We have, however, held that N.J.S.A. 2C:44-5(a)(2) does not apply to a defendant who has been convicted of multiple offenses, each of which is subject to a mandatory extended term under the Graves Act. We held, with respect to N.J.S.A. 2C:44-5(a)(2),

> [t]hat provision limits the judge's authority to impose discretionary prison terms, not Graves Act mandatory extended prison terms. Graves Act extended prison terms are mandatory "notwithstanding that extended terms are ordinarily discretionary with the court." N.J.S.A. 2C:43-6. The section defendant relies on[, N.J.S.A. 2C:44-5(a)(2),] preceded the Graves Act by more than two years.
>
> [Connell, 208 N.J. Super. at 691-92.]

We reiterated our holding, "[i]n sum, when imposing prison sentences for more than one offense a judge must impose a Graves Act sentence, including mandatory extended prison terms, for each Graves Act conviction." Id. at 697; see also State v. Robinson, 217 N.J. 594, 597 (2014) ("A defendant may be sentenced to multiple mandatory extended terms in the same proceeding.") (citing Connell, 208 N.J. Super. at 697).

Defendant's argument is based on the premise that he was sentenced to one mandatory extended term and two discretionary extended terms at the sentencing for the Scotch Plains robbery. Our review of the sentencing transcript, however, reveals, as the State argues, that the court sentenced defendant to three mandatory extended prison terms because his convictions of robbery, burglary, and aggravated assaults were each a Graves Act offense for which an extended term was mandated by statute. As we held in Connell, N.J.S.A. 2C:44-5(a)(2) does not preclude the imposition of three mandatory extended prison terms at the same sentencing. Defendant is not, therefore, entitled to resentencing under N.J.S.A. 2C:44-5(a)(2).

B.    State v. Torres.

We are also not persuaded by defendant's argument that he is entitled to a resentencing hearing pursuant to Torres. In Torres, issued nearly more than

17                                                            A-2826-21

twenty-two years after defendant was sentenced, the Court explained its intention "to underscore" and "promote" the "concepts of uniformity, predictability, and proportionality" that underlie the sentencing factors it set forth in Yarbough. 246 N.J. at 252-53. The Court stated,

> [w]e reiterate the repeated instruction that a sentencing court's decision whether to impose consecutive sentences should retain focus on "the fairness of the overall sentence." [State v.] Miller, 108 N.J. [112,] 122 [(1987)]; see also State v. Abdullah, 184 N.J. 497, 515 (2005). Toward that end, the sentencing court's explanation of its evaluation of the fairness of the overall sentence is "a necessary feature in any Yarbough analysis." [State v.] Cuff, 239 N.J. [321,] 352 [(2019)].
>
> [Id. at 270.]

The Court in Torres did not announce a new rule. It renewed and reemphasized the long-established requirement that a sentencing court provide "an explanation of the overall fairness of [a] consecutive sentence . . . ." Ibid. Because the Court did not create a new rule of law, retroactivity is not applicable. State v. Feal, 194 N.J. 293, 307 (2008); State v. Burstein, 85 N.J. 394, 403 (1981) (stating "retroactivity can arise only where there has been a departure from existing law."). Nothing in the holding in Torres suggests that every defendant serving a previously imposed sentence is entitled to be resentenced merely by virtue of the issuance of the opinion in Torres.

C.    Miller v. Alabama and State v. Zuber.

The trial court correctly concluded that defendant is not entitled to resentencing under the holding in Miller or Zuber.  The United States Supreme Court has established, through a series of decisions issued between 2005 and 2016, that juveniles are developmentally different from adults and individualized consideration of these differences is necessary prior to imposing the harshest punishments available under law.  See e.g., Roper v. Simmons, 543 U.S. 551, 578 (2005) (holding that imposing the death penalty on defendants convicted as juveniles violates the Eighth Amendment); Graham v. Florida, 560 U.S. 48, 82 (2010) (holding that imposing a life term without parole on juveniles convicted of non-homicide offenses is unconstitutional); and Miller, 567 U.S. at 465 (holding that mandatory life term without parole for juveniles convicted of homicide is unconstitutional).  The Court's holdings in each of these cases were predicated on "scientific and sociological notions about the unique characteristics of youth and the progressive emotional and behavioral development of juveniles."  State in Interest of C.K., 233 N.J. 44, 68 (2018).

As noted above, in Zuber, 227 N.J. at 446-47, our Supreme Court held that "Miller's command that a sentencing judge 'take into account how children are different, and how those differences counsel against irrevocably sentencing

19

them to a lifetime in prison,' applies with equal strength to a sentence that is the practical equivalent of life without parole."  (quoting Miller, 567 U.S. at 480).

Defendant argues that the scientific evidence that underpins the holding in these precedents has advanced to include the development of post-adolescent brains.  The legal precedents, however, do not support his argument.  The evidence on which he relies dates from before and around the time the Court issued its opinion in Zuber.  The evidence is similar to that on which the Court relied to reach its holding in that case.  Yet, there is no indication in Zuber, or the precedents on which the Court relied, that the constitutional protections established in recent precedents apply to offenders, like defendant, who commit crimes after they have reached the age of majority.  See United States v. Marshall, 736 F.3d 492, 500 (6th Cir. 2013) (noting that, for Eighth Amendment purposes, an individual's eighteenth birthday marks the bright line separating juveniles from adults and stating, "[i]n short, Marshall is at the very most an immature adult.  An immature adult is not a juvenile.  Regardless of the source of the immaturity, an immature adult is still an adult.").

D.    Disparate Sentences.

Defendant did not raise in the trial court his argument that he is entitled to resentencing because the sentence he received for the Scotch Plains robbery

is excessively disparate from the sentence given to McKenzie for his convictions related to the robbery. "Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012); see also State v. Robinson, 200 N.J. 1, 19 (2009) (explaining that appellate courts refrain from addressing issues not developed in the trial court). Restraint from appellate review is appropriate here.

As the Court explained in State v. Roach, 146 N.J. 208, 234 (1996), "some disparity in sentencing is inevitable in the administration of criminal justice." To "avoid or reduce" unjustifiable disparity, the Court instructed sentencing courts to "exercise a broader discretion to obviate excessive disparity." Id. at 233. To accomplish this goal,

> [t]he trial court must determine whether the co-defendant is identical or substantially similar to the defendant regarding all relevant sentencing criteria. The court should inquire into the basis of the sentences imposed on the other defendant. It should further consider the length, terms, and condition of the sentence imposed on the co-defendant. If the defendant is sufficiently similar, the court must give the sentence imposed on the co-defendant substantive weight when sentencing the defendant in order to avoid excessive disparity. Sentencing based on such added considerations will accommodate the basic discretion of a sentencing court to impose a just sentence on the individual defendant in accordance with the sentencing guidelines while fulfilling the court's responsibility to achieve uniform sentencing when that is possible.

[Id. at 233-34.]

Our ability to effectively analyze defendant's argument is hindered by the absence of a finding by the trial court that defendant and McKenzie were substantially similar at sentencing for the Scotch Plains robbery. The court made no findings of fact with respect to the two defendants' convictions, criminal history, and role in the robbery. We note that McKenzie appears to have been acquitted of two offenses and convicted of two lesser included offenses. In addition, the trial court did not develop a record of McKenzie's criminal history, and how it compares to that of defendant and whether McKenzie was also eligible for an extended prison term. The State notes that defendant had two felony indictments prior to the two robberies at issue here. It is not clear if McKenize had a criminal history. We, therefore, decline to address defendant's disparity in sentencing argument.

E.    Separate Trials.

Defendant did not raise before the trial court his argument that it was fundamentally unfair to try the indictments separately. It also appears defendant did not raise this argument in his direct appeal. Instead, defendant made the argument for the first time in his motion for reconsideration. "The proper object of reconsideration is to correct a court's error or oversight" on the original

22

motion.  State v. Puryear, 441 N.J. Super. 280, 294 (App. Div. 2015) (citing Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010)).  Such a motion "cannot be used to expand the record and reargue a motion."  Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

As is the case with defendant's arguments regarding excessively disparate sentencing, defendant's failure to raise the separate trials argument in a timely fashion precludes effective appellate review.  We have no findings of fact and conclusions of law on the issue of separate trials to review.

F.    Service Credits.

Although defendant makes the passing argument that the amended judgment of conviction does not reflect the proper amount of service credits, he failed to develop a record in the trial court explaining his argument.  Defendant's bald assertions regarding service credits are insufficient to warrant relief.  He is not, however, precluded from applying to the trial court in the future to amend the judgment of conviction to reflect the service credits to which he believes he is entitled.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

23                                                          A-2826-21