**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3433-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TROY SWINT,

    Defendant-Appellant.

_____

Submitted March 10, 2025 – Decided March 19, 2025

Before Judges Sabatino and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 96-10-3475.

Troy Swint, appellant pro se.

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Assistant Prosecutor, of counsel and on the brief; Noa Marcus, law student, appearing pursuant to Rule 1:21-3(b), on the brief).

PER CURIAM

Appellant Troy Swint appeals the trial court's denial of his motion to correct an illegal sentence and motion for reconsideration. Swint was convicted and initially sentenced in 1998, but was resentenced in 2000 after our published decision concluded his original sentence was illegal because it did not impose the statutory minimum number of years for parole ineligibility. Since the time of this resentencing, Swint has made numerous unsuccessful attempts to "correct" his alleged "illegal" sentence, which were all denied by the trial court and affirmed if appealed. This appeal is practically identical to Swint's previous motion filed in 2018, which was denied by the trial court in 2019, and affirmed on appeal in 2020. The trial court in the current appeal dismissed defendant's motion as moot in light of its previous denial and our subsequent affirmance, prompting this appeal.

We affirm the trial court, as we have repeatedly held Swint's sentence is lawful, and Swint raises no new arguments proving otherwise. Although Swint's appeal posits a new argument not raised at the trial level—that his sentence is illegal because it contradicts N.J.S.A. 2C:44-5(a)(2)'s prohibition of imposing a discretionary extended term and a mandatory extended term in the same sentencing—this argument is unavailing as it is based on a flawed understanding of this case's protracted procedural history.

A-3433-22

I.

On March 5, 1998, appellant was convicted of first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1) ("count two"), second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) ("count three"), third-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(d) ("count seven"), and second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a) ("count nine"). Swint was initially sentenced on April 3, 1998, where he received a mandatory extended term of life with a twenty-year parole disqualifier for count two, and a mandatory extended term of twenty years imprisonment with a ten-year parole disqualifier for count three, to run consecutive with count two.[1] Counts seven and nine were merged with counts two and three.

Swint filed a direct appeal of his conviction and initial sentencing, and we affirmed his conviction but vacated his sentence in a published opinion on February 15, 2000. See State v. Swint, 328 N.J. Super. 236, 264-65 (App. Div. 2000). We remanded to correct Swint's illegal sentence as to Count Two pursuant to N.J.S.A. 2C:43-7(c), which requires "when a sentence of life imprisonment is imposed upon a subsequent Graves Act offender, the judge

---

[1] The extended terms for counts two and three were mandatory pursuant to the Graves Act. N.J.S.A. 2C:43-6; see also State v. Swint, 328 N.J. Super. 236, 244-45 (App. Div. 2000).

must impose a period of parole ineligibility of twenty-five years." Id. at 262 (citing N.J.S.A. 2C:43-7(c)). Swint was resentenced consistent with our opinion on March 6, 2000, where he received a mandatory extended term of life with a twenty-five-year parole disqualifier for count two, and a mandatory extended term of fifteen years imprisonment with a five-year parole disqualifier for count three, to run consecutive with count two.

Swint has since filed numerous unsuccessful applications alleging his sentence is illegal: (1) an appeal from a January 8, 2007 decision denying his motion to correct an illegal sentence, which we affirmed in an unpublished opinion on July 9, 2009, State v. Swint, No. A-2850-06 (App. Div. July 9, 2009) ("Swint (2009)"); (2) another motion to correct an illegal sentence, which was denied on March 13, 2019, was denied reconsideration on May 13, 2019, and affirmed in an unpublished opinion on June 15, 2020, State v. Swint, No. A-5329-18 (App. Div. June 15, 2020) ("Swint (2020)"); and (3) another motion to correct an illegal sentence on July 30, 2021, which was denied on December 14, 2021, because the arguments presented were already addressed in Swint 2020 and the trial court refused to disturb its prior finding already affirmed on appeal.[2]

_____

[2] Swint did not appeal this 2021 decision.

Undeterred, Swint filed the present motion to correct an illegal sentence, which was denied as moot because it raised the same arguments as Swint 2020. This appeal followed.

Our review of the legality of a sentence is de novo. State v. Jones, 478 N.J. Super. 532, 541 (App. Div. 2024). "There is no temporal limit on a court's ability to review an illegal sentence; 'it may be corrected at any time before it is completed.'" Id. at 540 (quoting State v. Murray, 162 N.J. 240, 247 (2000)). If we determine a sentence is illegal, we are constrained to remand to the trial court for resentencing. Jones, 478 N.J. Super. at 541.

II.

Swint raises two issues on appeal: (1) his sentence is illegal because it involves the imposition of two extended terms of imprisonment in violation of N.J.S.A. 2C:44-5(a)(2); and (2) his sentence should be vacated because of the trial court's failure to comply with N.J.S.A. 2C:43-7(c) when imposing his original 1998 sentence. In response, the State argues Swint's sentence is legal because he is a persistent offender pursuant to N.J.S.A. 2C:44-3, and because the trial court properly considered Swint's prior Graves Act conviction.

"There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized

by law." State v. Hyland, 238 N.J. 135, 145 (2019). Swint fails to establish grounds to support a claim in either category, which is evidenced by our 2000 published opinion upholding his conviction, our 2019 unpublished opinion affirming his 2000 resentencing, and the nature of the crimes for which he was convicted.

As an initial matters, both parties have failed to recognize a scrivener's error, despite it having been astutely recognized by Judge Michael Ravin in his current order before us on appeal. Judge Ravin's decision denying Swint's motion for reconsideration explains:

> [T]he [c]ourt['s] . . . [d]ecisions dated March 13, 2019, May 30, 2019, and December 14, 2021 all contained the same unintentional mistake: in recounting the procedural history [of Swint's case], the [c]ourt indicated that at [Swint's] original sentencing, the [c]ourt originally imposed a mandatory extended term on Count Two, first[-]degree kidnapping and a discretionary extended term on Count Three, second[-]degree aggravated assault. As a matter of fact, the [c]ourt imposed a mandatory extended term on Count Two and a mandatory extended term on Count Three.

Judge Ravin's observation is supported by our published decision upholding Swint's conviction, in which we recognized Swint was "subject to mandatory extended terms on counts two [and] three . . . which are Graves Act offenses." Swint, 328 N.J. Super. at 244; see also Swint (2020), slip op. at 4 (confirming

6

Swint's sentence "properly included two mandatory Graves Act sentences"). Accordingly, Swint's and the State's references to count three as a discretionary extended term in their respective briefs is contradicted by the record, and the State's argument that Swint's sentence is lawful because he is a persistent offender is not relevant, as Swint was never subjected to a discretionary extended term, and his sentence, therefore, does not warrant a persistent offender analysis.

This fact defeats Swint's primary argument on appeal, in which he contends State v. Robinson, 217 N.J. 594 (2014) renders his sentence illegal. Robinson addresses only the narrow issue of whether a sentencing court may impose a discretionary extended term and a mandatory extended term in the same sentencing proceeding. See 217 N.J. at 597-98. In fact, Robinson explicitly confirms "[a] defendant may be sentenced to multiple mandatory extended terms in the same proceeding." Id. at 597 (citing State v. Connell, 208 N.J. Super. 688, 697 (App. Div. 1986)). Because Swint's sentences for counts two and three were both mandatory extended terms, see Swint, 328 N.J. Super. at 244, Robinson confirms the legality of Swint's sentence. See 217 N.J. at 597; see also Connell, 208 N.J. Super. at 691 (mandatory extended sentences imposed pursuant to the Graves Act become "the ordinary sentence for the crime").

Other than the foregoing argument, which was raised for the first time on appeal and not asserted before the trial court, the remaining arguments Swint brings forth are recycled, and moot as the trial court correctly concluded, because they are identical to the arguments we previously addressed in affirming the dismissal of Swint's motion to correct an illegal sentence in 2020. See Swint (2020), slip op. at 3-4. In our 2020 opinion, Swint likewise argued: (1) he was improperly denied a hearing to correct his "illegal sentence"; (2) the sentencing court abused its discretion when it imposed a second mandatory extended term for count three; and (3) the trial court abused its discretion in failing to vacate Swint's sentence due to its disproportionality with that of his co-defendant, who was convicted of similar charges. Id. at 3-4.

We noted in Swint 2020, "[Swint's] claims regarding the legality of his sentence have been repeatedly addressed both in the Law and Appellate Division," and concluded Swint's asserted arguments "lacked any inherent merit." Id. at 3-4. Regarding Swint's argument as to the disproportionality of his sentence when compared to his co-defendant's, we noted the two sentences were distinguishable and should not be treated similarly:

> [T]he illegality in the co-defendant's sentence was that the co-defendant was sentenced to one mandatory and one discretionary term when he should have been sentenced to two mandatory extended terms pursuant to

the Graves Act. Because that sentence was illegal, as opposed to [Swint's] sentence, which properly included two mandatory Graves Act sentences from their inception, the court had to consider the co-defendant as he stood before the judge.

[Id. at 4 (internal citations omitted).]

We decline to address this argument again and instead refer defendant to our prior opinions.

Moreover, Swint's argument that his initial illegal sentence in 1998 requires this court to remand for resentencing is unavailing, as we have previously addressed the faults of Swint's initial 1998 sentencing in our published decision from 2000, see Swint, 328 N.J. Super. at 262-65, Swint was subsequently resentenced in light of our decision; and we have affirmed the corrected sentence on appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3433-22