**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3702-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CRAIG REID,

    Defendant-Appellant.

_____

Submitted June 3, 2025 – Decided June 25, 2025

Before Judges Gooden Brown and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 95-05-1815 and 95-05-1816.

Craig Reid, appellant pro se.

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Deputy Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Craig Reid appeals from the April 25, 2024 Law Division order denying his third motion to correct an illegal sentence pursuant to Rule 3:21-10(b)(5).  We affirm.

Following a 1996 jury trial, defendant was convicted of four counts of first-degree armed robbery, first-degree kidnapping, and related offenses and sentenced to an aggregate term of life imprisonment plus fifty years, with a fifty-year period of parole ineligibility, encompassing mandatory extended terms for kidnapping and one of the robbery counts.  The convictions stemmed from defendant robbing the employees of a store at gunpoint and then kidnapping the manager to use her as a shield to facilitate his escape.  We affirmed defendant's convictions and sentence in an unpublished opinion and the Supreme Court denied certification.  State v. Reid, Nos. A-2697-96, A-2707-96 (App. Div. Dec. 22, 1998) (slip op. at 5) (Reid I), certif. denied, 160 N.J. 91 (1999).[1]

Defendant then filed two unsuccessful post-conviction relief (PCR) petitions.  The first was denied by the trial court following an evidentiary hearing.  We affirmed the denial in an unpublished opinion, and the Supreme Court denied certification.  State v. Reid, No. A-4494-04 (App. Div. Jan. 24,

---

[1]  In Reid I, we remanded for correction of the judgment of conviction to accurately reflect the sentence imposed.  Id. at 5.

2007) (slip op. at 1-2) (Reid II), certif. denied, 192 N.J. 71 (2007).[2] We later affirmed the denial of defendant's second PCR petition in another unpublished opinion, and the Supreme Court again denied certification. State v. Reid, No. A-1573-11 (App. Div. Nov. 27, 2013) (slip op. at 1) (Reid III), certif. denied, 218 N.J. 274 (2014).

In the interim, in 2013, defendant filed his first motion to correct what he described as illegal aspects of his sentence. The trial court denied the motion, and we affirmed on appeal, rejecting defendant's contentions that the life sentence imposed on the kidnapping conviction and the imposition of two consecutive mandatory extended term sentences were illegal. State v. Reid, No. A-2274-13 (App. Div. June 16, 2015) (slip op. at 2-3) (Reid IV).

Regarding the kidnapping count, we explained:

> Defendant was convicted of first-degree kidnapping, which, pursuant to N.J.S.A. 2C:13-1(c)(1), provides for

_____

[2] In Reid II, defendant asserted his trial counsel was ineffective by "failing to advise him of exposure to an extended term sentence, which led him to reject an informal plea offer of forty years with twenty years of parole ineligibility." Id. at 1. We rejected defendant's argument, citing the PCR judge's findings that "trial counsel did not give defendant erroneous advice concerning [his] extended term or penal exposure." Id. at 3-4. To the extent defendant attempts to reprise this argument in the present appeal, he is barred by Rule 3:22-5 ("A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . or in any appeal taken from such proceedings.").

an enhanced "ordinary term of imprisonment between 15 and 30 years." Ibid. (emphasis added). Defendant seemingly contends that, since he was not convicted of kidnapping under circumstances implicating sentencing under N.J.S.A. 2C:13-1(c)(2), which provides for an ordinary term of between twenty-five years and life, the life sentence . . . imposed was illegal.

However, because defendant was a "[s]econd offender with a firearm," N.J.S.A. 2C:44-3(d), and kidnapping is one of the enumerated crimes contained in N.J.S.A. 2C:43-6(c), a mandatory extended term sentence was required. An extended term sentence for kidnapping pursuant to N.J.S.A. 2C:13-1 may be between thirty years and life imprisonment. N.J.S.A. 2C:43-7(a)(1). Therefore, . . . [the] extended term sentence of life imprisonment was not an illegal sentence.

[Reid IV, slip op. at 3-4 (alteration in original) (citations reformatted).]

We added that "[f]or the same reasons, a mandatory extended term was required to be imposed on defendant's first-degree robbery conviction," and because "[t]he extended term of imprisonment for first-degree robbery is between twenty years and life imprisonment," see N.J.S.A. 2C:43-7(a)(2), the "fifty-year term" imposed by the sentencing judge was not an illegal sentence. Reid IV, slip op. at 4-5.

Turning to the propriety of imposing consecutive mandatory extended terms, we explained:

Defendant correctly points out that N.J.S.A. 2C:44-5(a)(2) clearly states that "[n]ot more than one sentence for an extended term shall be imposed." However, . . . we have specifically held that that provision of the Criminal Code "limits the judge's authority to impose discretionary extended prison terms, not Graves Act mandatory extended prison terms." State v. Connell, 208 N.J. Super. 688, 691 (App. Div. 1986).

Recently, the Court recognized the continued vitality of our holding in Connell. In State v. Robinson, 217 N.J. 594, 598 (2014), . . . the Court held "that the plain language of N.J.S.A. 2C:44-5(a)(2) bars the imposition of a discretionary extended term when the prosecutor has requested one and the trial court is obliged to impose a mandatory extended term on another offense in the same proceeding." (Emphasis added). Citing Connell, 208 N.J. Super. at 697, however, the Court reiterated that "[a] defendant may be sentenced to multiple mandatory extended terms in the same proceeding." Robinson, 217 N.J. at 597.

As defendant has pointed out in his reply brief, Connell involved the imposition of multiple concurrent mandatory extended term sentences. Connell, 208 N.J. Super. at 690-91. Here, defendant was sentenced to two consecutive mandatory extended term sentences. We do not think that makes any difference, since the Criminal Code provides for the imposition of consecutive sentences, N.J.S.A. 2C:44-5(a), and, as we held in Connell, one of two express limitations upon both concurrent and consecutive sentences, N.J.S.A. 2C:44-5(a)(2), does not apply in this case. Moreover, N.J.S.A. 2C:44-5(a) provides, "There shall be no overall outer limit on the cumulation of consecutive sentences for multiple offenses."

5

[Reid IV, slip op. at 5-6 (alterations in original) (citations reformatted).]

In 2019, defendant's second motion to correct an illegal sentence was again denied by the trial court. Defendant did not appeal the denial. However, in 2023, defendant filed a third motion to correct an illegal sentence that is the subject of this appeal. In support, defendant argued he was entitled to resentencing because the sentencing judge failed to comply with State v. Torres, 246 N.J. 246, 268 (2021), and erroneously considered the robbery and kidnapping convictions as separate crimes. Defendant also sought resentencing pursuant to State v. Comer, 249 N.J. 359, 370 (2022), permitting juvenile offenders sentenced to lengthy sentences under the homicide statute to petition the court for review of their sentences after serving two decades in prison.

In an April 25, 2024 order and accompanying written decision, the motion judge denied the motion, concluding defendant's sentence was not illegal and defendant was not entitled to resentencing on any ground. First, the judge found defendant essentially repeated the same arguments in his prior appeals. The judge then determined that Torres did not entitle defendant to resentencing, explaining:

> The arguments in each [appeal] essentially contended that the sentence was improper because the consecutive sentences and periods of parole ineligibility constituted

6

A-3702-23

abuse of discretion by the sentencing judge (albeit, ph[rased] differently each time). The appellate court repeatedly disagreed and affirmed the decision of the [trial] court.

Here, the moving papers contend that the sentence is illegal and cite to Torres and Yarbough[3] in support of the same. However, Torres did not express a new rule of law regarding the imposition of consecutive sentences. Rather, Torres merely emphasized what has always been required under the [Criminal] Code and Yarbough: that judges must explicitly assess fairness when imposing consecutive sentences.

Next, the judge rejected defendant's argument that the sentencing judge erroneously considered the robbery and kidnapping convictions as separate crimes, explaining that Reid IV addressed a "substantially similar argument" and affirmed "the validity of [d]efendant's sentence." Finally, the judge rejected defendant's request to be resentenced pursuant to Comer, 249 N.J. at 384-85. In support, the judge found Comer inapplicable because defendant was about twenty-three years old when he committed the offenses. Thus, according to the judge, "[defendant's] sentence does not raise the constitutional concerns outlined in Comer."

---

[3] State v. Yarbough, 100 N.J. 627 (1985).

Further, the judge found "no need or basis" for "an evidentiary hearing to consider expert testimony on the age-crime curve, developmental science, and neuroscience to consider whether to expand Comer's holding to twenty-three-year-olds."  The judge reasoned "[n]ot only did Comer explicitly decline to extend lookback periods to adults[] such as [d]efendant, but it also did not order courts to have the hearing requested by [d]efendant despite being aware of the science that existed on the issue."  This appeal followed.

On appeal, defendant raises the following points for our consideration:

> POINT I
>
> DEFENDANT IS ENTITLED TO A NEW SENTENCING HEARING BASED ON THE HOLDING IN STATE v. TORRES, WHICH MANDATES A JUDGE, WHEN IMPOSING CONSECUTIVE SENTENCES, STATE ON THE RECORD THE NEED FOR CONSECUTIVE SENTENCES, THE OVERALL FAIRNESS OF THE IMPOSED AGGREGATE SENTENCE, THE REAL TIME THE DEFENDANT MUST SERVE BEFORE ANY FUTURE PAROLE ELIGIBILITY, AND DEFENDANT'S AGE AT THE TIME OF THE OFFENSES.  THIS WAS NOT DONE AT DEFENDANT'S INITIAL SENTENCING.
>
> POINT II
>
> THE JUDGE'S RULING THAT THE KIDNAPPING CHARGE WAS A SEPARATE CRIME—AND THUS THE SENTENCE HAD TO BE CONSECUTIVE—IS PRIMA FACIE ERROR BASED ON A PLAIN-

LANGUAGE READING OF THE ROBBERY AND KIDNAPPING STATUTES. DEFENDANT IS ENTITLED TO A RESENTENCING HEARING UNDER THE CORRECT EVALUATION OF THE LAW.

POINT III

DEFENDANT'S MENTAL HEALTH WAS NOT PROPERLY CONSIDERED BASED ON THE BRAIN SCIENCE, WHICH INDICATES THE EFFECTS OF TRAUMA AND CHRONIC STRESS ON ADOLESCENTS TEND TO RETARD BRAIN AND BEHAVIORAL DEVELOPMENT THROUGH LATE ADOLESCENCE. THIS REQUIRES A NEW SENTENCING HEARING SO DEFENDANT CAN PRODUCE THIS INFORMATION.

Our analysis is governed by well-settled principles. Whether a defendant's sentence is illegal is an issue of law subject to de novo review. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). Under Rule 3:21-10(b)(5), "[a] motion may be filed and an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice." See State v. Zuber, 227 N.J. 422, 437 (2017) ("A defendant may challenge an illegal sentence at any time." (citing R. 3:21-10(b)(5))); State v. Steingraber, 465 N.J. Super. 322, 328 (App. Div. 2020) ("A court may correct an illegal sentence 'at any time before it is completed.'" (quoting State v. Murray, 162 N.J. 240, 247 (2000))).

"There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019) (citing State v. Schubert, 212 N.J. 295, 308 (2012)). "Those two categories of illegal sentences have been 'defined narrowly.'" Ibid. (quoting Murray, 162 N.J. at 246). "A sentence 'not imposed in accordance with law' includes 'a disposition [not] authorized by the Code.'" Drake, 444 N.J. Super. at 271 (alteration in original) (quoting Murray, 162 N.J. at 247).

"[M]ere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground of [PCR] and can only be raised on direct appeal from the conviction." State v. Clark, 65 N.J. 426, 436-37 (1974). Even consecutive sentences that "r[un] afoul of the Yarbough guidelines" are not "cognizable in [PCR] proceedings because [they do] not relate to the legality of the sentences imposed." State v. Acevedo, 205 N.J. 40, 46 (2011) (quoting State v. Flores, 228 N.J. Super. 586, 596 (App. Div. 1988)). "[S]uch claims have historically been characterized as relating to the excessiveness of the sentences, rather than their legality." Flores, 228 N.J. Super. at 596 (internal quotation marks omitted).

Applying these principles, we agree with the motion judge's ruling. Defendant argues that Torres entitles him to a new sentencing hearing "in order to conduct a proper Yarbough sentencing assessment" that includes consideration of his "age" at the time of the offenses, "the need for consecutive sentences," and "the real time that defendant would have to serve before parole eligibility." He asserts that "failure to provide an explicit statement[] explaining the overall fairness of a sentence deprives a reviewing court of an essential element necessary for a proper Yarbough sentencing assessment."

However, as our Supreme Court has explained, "even sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law." Hyland, 238 N.J. at 146; see also Acevedo, 205 N.J. at 47 ("[A]s defendant's contentions regarding consecutive sentences or the absence of reasons for imposition of the consecutive sentences do not relate to the issue of sentence 'legality' and are not cognizable on PCR, or under the present Rule 3:21-10(b)(5), the Appellate Division erred in modifying the sentence.").

As underscored in Reid IV, defendant's sentence is expressly authorized by law. Torres established no new rule of law but rather clarified existing

requirements to place on the record a statement of reasons for the decision to impose a consecutive sentence for multiple offenses that focuses "on the fairness of the overall sentence."  246 N.J. at 267-68 (quoting State v. Miller, 108 N.J. 112, 122 (1987)).  Because defendant failed to demonstrate the sentence either exceeded the penalties authorized for the offenses for which he was convicted or was not otherwise authorized by law, the motion was properly denied.  See Hyland, 238 N.J. at 145.

For the same reasons, we reject defendant's contention that he is entitled to resentencing because the judge erroneously "determined the [objectives] of the robbery and kidnapping were predominantly independent of each other," occurring at separate times and places, "and then used this determination" to apply the Yarbough factors and "impose consecutive sentences."  Because the contention does not relate to the issue of sentence legality, it is not cognizable under Rule 3:21-10(b)(5).  See Acevedo, 205 N.J. at 47.

Defendant's assertion that he is entitled to resentencing under Comer to evaluate the impact of "[a]dverse childhood experiences . . . and other childhood traumas" on "brain development and cognitive and perceptual processes" is equally unpersuasive.  Defendant was twenty-five years old at the time of

A-3702-23

sentencing and about twenty-three years old when he committed the offenses.[4]

In State v. Jones, 478 N.J. Super. 532, 534-35 (App. Div.), certif. denied, 259 N.J. 304, 259 N.J. 314, and 259 N.J. 315 (2024), we held that Comer applied to juveniles, not adults, and rejected the defendants' Rule 3:21-10 applications for "resentencing under the same rationale espoused by the Comer majority." We concluded the defendants' sentences were "legal sentences," "were authorized by the Criminal Code and were not disturbed on direct appeal or collateral attack." Jones, 478 N.J. Super. at 551.

We expounded:

> [W]e decline defendants' invitation to extend the holding in Comer for two reasons. Initially, we conclude the Court's decision was limited to juvenile offenders tried and convicted of murder in adult court. In our view, the Court neither explicitly nor implicitly extended this right of sentence review to offenders who [were] between eighteen and twenty years of age when they committed their crimes.
>
> . . . .
>
> . . . "The Legislature has chosen eighteen as the threshold age for adulthood in criminal sentencing. Although this choice may seem arbitrary, 'a line must be drawn,' and '[t]he age of [eighteen] is the point where society draws the line for many purposes between childhood and adulthood.'"

---

[4] Defendant was born on March 1971, and committed the crimes on or about February 23, 1995.

[<u>Id.</u> at 549-51 (third alteration in original) (quoting <u>State v. Ryan</u>, 249 N.J. 581, 600 n.10 (2022)).]

Because defendant was an adult when he committed the offenses, <u>Comer</u> does not apply, and he is not eligible for resentencing for consideration of "the 'mitigating qualities of youth.'" 249 N.J. at 370 (quoting <u>Miller v. Alabama</u>, 567 U.S. 460, 476 (2012)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3702-23